Per Curiam.
 

 The plaintiff in the Circuit Court sued the defendant in the County Court, and by consent the cause was transferred to the Circuit Court. A demurrer was filed and argued and overruled. The defendant pleaded to issue, and there was a verdict and judgment; but it was moved in arrest of judgment, that the court had no jurisdiction ; for this cause was commenced after 1809, ch. 45, § 5, and 1811, ch. 72, § 8, and was not such a cause as
 
 *37
 
 under any act of Assembly could be transferred. Want of jurisdiction is assigned for error; and it has been argued at the bar by counsel on both sides. This cause could not be-transferred by consent if at the time of the transfer the Circuit Court had only appellate jurisdiction, for that attaches only after judgment, and cannot be exercised before. Here, however, the Circuit Court had an original jurisdiction of the action, had it been first brought in that court; but it came irregularly there. And then it is to be considéred whether the consent of the defendant, and his subsequent appearance and pleading, and not taking advantage of the irregularity in proper time, is not a waiver of the error, so that he can never assign it afterwards. And we are of opinion it is. See 2d vol. of Bac. Ab. by Wilson, 492
 
 ;
 
 2 Caines, * 134; Latch, 118; Cro. Eliz. 83, 167; Vent. 220, 249; Cro. Jac. 421; Buls. 143. It was error therefore in the Circuit Court to arr.est the judgment, and this court will now give the same judgment which the Circuit Court ought to have given.
 

 Judgment accordingly.
 

 See
 
 Chester
 
 v.
 
 Embree,
 
 Peck, 370; King’s Digest, 3883, 9236.