CAN TAYLOR, *et al. v.* ALF MOSLEY.

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. ATTACHMENT. GARNISHMENT. NON-RESIDENT.

The caption "An Act to protect employees in garnishment cases" is sufficiently broad to cover the body of the Act which provides that wages earned out of the State and payable out of the State shall be exempt from attachment or garnishment in all cases where the cause of action arose out of the State. (Post, p. 593.)

Citing: Sec. 5238a1, Shannon's Code (1917 Ed.); Chapter 590, Acts 1903; Article II, sec. 17, Const. of Tenn.; Memphis St. R. R. Co. v. Byrne, 119 Tenn. (11 Cates), 278; State v. Cumberland Club, 136 Tenn. (9 Thomp.), 84.

2. CONSTITUTIONAL LAW. LEGISLATIVE ACTS. CONSTRUCTION.

Whether the provisions of the body of an Act are germane to the title is to be determined by the Court upon an inspection of the Act, but a reasonable meaning must be given to the language used in the body of the Act and to the context. (Post, p. 594.)

Citing: Frazier v. Railroad, 88 Tenn. (4 Pickle), 138.

---

FROM WASHINGTON.

---

Appeal from the Law Court of Washington (Johnson City) County.—HON. D. A. VINES, Judge.

EPPS & EPPS, for plaintiff in error.

HERBERT NACE, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

This is an action by Mosley, a nonresident, against Taylor, another nonresident, to collect an account of $28.30 for merchandise sold and delivered in North Carolina. Attachment was sued out and levied by garnishment of Cranberry Furnace Company, Taylor's employer. The Cranberry Furnace Company is a corporation with an office and agent in Johnson City, Tennessee, where it was subject to process under section 4542 of Shannon's Code but the Company operates in North Carolina where Taylor was employed in its mine.

Though Mosley and Taylor are both residents of North Carolina, and presumably Cranberry Furnace Company is subject to garnishment in that State, Mosley, without service of process on Taylor, is proceeding here in an action of attachment by garnishment under sections 5211 and 5238 of Shannon's Code. The garnishee answered, admitting indebtedness to Taylor of $48.32 on account for wages; and observing chapter 590, Acts of 1903, Shannon's Code 5238a1, set up the defense that process had not been served upon Taylor and that the wages due him were earned and payable in North Carolina and exempt from garnishment.

(1) The trial judge found these facts but sustained the insistence of Mosley's counsel that the statute which exempts a nonresident from garnishment contravened article II, section 17 of the Constitution and is void because the body of the Act is too broad and contains subject-matter not expressed in the title, and thereupon gave judgment from which appeal was prayed and granted.

157 Tenn.—38.

Counsel for both parties rest the determination upon the constitutionality of the statute which reads:

"An Act to protect employees in garnishment cases:

"Section 1.  Be it enacted by the General Assembly of the State of Tennessee, That wages earned out of this State and payable out of this State shall be exempt from attachment or garnishment in all cases, where the cause of action arose out of this State, and it shall be the duty of garnishees in such cases to plead such exemption unless the defendant is actually served with process."

The purpose of article II, section 17 of the Constitution, was to afford notice of the proposed legislation and direct the mind of the legislators to the object intended by the enactment. *Memphis Street Railroad Co.* v. *Byrne,* 119 Tenn., 278.

The Legislature, not the courts, are to determine the breadth of an Act and the particularity to be employed in the title defining it. *State* v. *Cumberland Club,* 136 Tenn., 84.

(2)  Whether the provisions of the body are germane to the title is of course to be determined by the courts upon an inspection of the statute. *Frazier* v. *Railroad,* 88 Tenn., 138.  But in this consideration a reasonable meaning must be given to the language used in the body of the Act and to the context.

Counsel for defendant-in-error insists that the caption refers to cases in which judgment has been rendered and the process of garnishment used to impound assets in the hands of a third party, whereas the Act exempts the wages of a nonresident from attachment or garnishment thus embodying two subjects and embracing matter not referred to in the title.  The error of that contention

is apparent when it is observed that the Act expressly provides that its provision shall not extend to cases where the debtor is personally served with process, meaning of course where a personal judgment may be rendered against him.

The Legislature considered that a nonresident's wages could only be reached through attachment by garnishment. Garnishment is a form of attachment, and as related to the object impounded the words are synonymous. Whether upon execution or attachment, garnishment is a proceeding through which the plaintiff, whether after judgment by execution or before judgment upon original attachment, seeks to reach the effects of the defendant by calling into court a third party who has such effects in possession or who is indebted to the defendant. Attachment by garnishment supplied the only means through which the nonresident creditor could come into this State and impound the wages of a nonresident debtor, and thereby avoid the exemption laws of their common residence. This, the Legislature expressed the purpose of forbidding under the general title of an Act to protect employees in garnishment cases. Under that comprehensive title the Legislature declared "wages earned out of this State and payable out of this State . . . exempt from attachment or (by) garnishment," and narrowed the exemption to employees upon whom process had not been served thereby indicating nonresidents against whom the creditor was proceeding through original attachment followed by garnishment.

Garnishment would not lie against a nonresident without personal service followed by judgment, except upon original attachment; and the Legislature by this Act

intended to deprive the nonresident creditor of right to come into the courts of this State and invoke its extraordinary processes to impound and subject the wages of his nonresident debtor, by exempting such wages from garnishment in an original attachment proceeding.

We are of the opinion, that the object of the law is sufficiently expressed in the title of the Act; that the Act embraces but one subject and that the subject is germane to the title.

It is directed that the judgment of the trial court be reversed and the suit dismissed.