RUBYE CROCKETT BROOKS, COMPLAINANT, APPELLEE, *v.* TOM BROOKS; DEFENDANT, APPELLANT.

(*Jackson,* April Term, 1933.)

Opinion filed June 17, 1933.

PEELER & PEELER, for complainant, appellee.

J. C. R. McCALL, for defendant, appellant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This bill was filed by Mrs. Brooks against her divorced husband, to recover sums expended by her for the necessary support of their daughter, and for a decree requiring the husband to provide for the child's future support.

The Chancellor overruled a demurrer to the bill and, exercising his discretion, granted the defendant's prayer for an appeal.

The parties were divorced in 1925, at the mother's suit. Custody of the child, then only one year of age, was awarded to the mother. No provision was made for the support of the child in the divorce action. The bill avers that complainant has supported herself and the child by keeping house for her uncle, for which she is paid $4 a week, in addition to the board of herself and child; that she has spent $60 a year for clothing for the child, and now that she has started to school, it will require from $60 to $150 a year to clothe her. The defendant is employed in Detroit, Michigan, and "earns a sufficient sum to support himself and family and his said child." Complainant has no property of any kind.

The natural and legal obligation of the father to support his minor child, continuing after divorce and award of custody of the mother, has been recognized and enforced by this Court. *Evans* v. *Evans*, 125 Tenn., 112, 140 S. W., 745, Ann. Cas. 1913C, 294; *Graham* v. *Graham*, 140 Tenn., 328, 204 S. W., 987; *Owen* v. *Watson*, 157 Tenn., 352, 8 S. W. (2d), 484.

The cases cited clearly sustain the right of complainant to prosecute her bill, to the extent that she seeks reimbursement for money expended by her for the necessary support of the child.

The defendant, however, pleads and relies upon Acts 1923, chapter 41, carried into the Code as sections 8463-8466, as working a change in the rule applied by the cases cited.

Section 8463 of the Code provides: "Fathers and mothers are joint natural guardians of their minor children, and they are equally and jointly charged with their care, nurture, welfare, education, and support, and also with the care, management and expenditure of their estates."

The obligation previously resting upon the father to maintain and support his minor children cannot be said to have been destroyed by this statute. That obligation was to provide for the child "in a manner commensurate with his means and station in life." *Evans* v. *Evans, supra.* The obligation cast upon the mother by the statute must be measured by the same varying and relative standard. It is obvious therefore that the "equal and joint" obligation imposed upon both parents cannot be divided between them by arbitrary or mathematical measure. The obligation of both to provide a support for their child is equal and joint, in so far as the child is concerned, but a controversy between the parents, as to the proper contribution of each, seems to us to be determinable only by equitable principles and rules, with due regard to the condition and means of each.

We are reluctant to interpret or construe this statute beyond the point necessary to a determination of the issue presented by this case. The bill avers that complain-

ant has satisfied entirely an obligation, which the defendant was at least required by law to share with her, and which he was able to share. A case for equitable relief is thus stated, which would justify a decree against the defendant for that part of the support of the child prior to the filing of the bill which the Chancellor, having due regard to the ability of each of the parties, may determine the defendant should bear.

We therefore affirm the decree of the Chancellor in overruling the demurrer to that part of the bill which seeks reimbursement for the cost of the child's support prior to the filing of the bill.

■ The bill is filed by the mother in her own right and not as guardian of the child. In *Graham* v. *Graham, supra,* this Court adjudged future support for children in similar circumstances, in a suit begun in their names by their mother as next friend. The jurisdiction of the court to render such judgment does not appear to have been there questioned. But in *Fuller* v. *Fuller,* memorandum opinion filed by this Court at Knoxville, October, 1932, we ruled that the courts are without jurisdiction to render such judgment, in the absence of a statute authorizing it, in an independent suit brought for that purpose, citing *Cunningham* v. *Cunningham,* — Texas, —, 40 S. W. (2d), 46, 75 A. L. R., 1305, and note. *Graham* v. *Graham* was not cited by the Court in the later opinion.

Whatever may be the correct rule to be followed in an action brought in the name of the dependent child, we are satisfied that a judgment or decree for future support of the child may not be rendered in an action brought for that purpose by the mother in her own name and right. We therefore sustain the demurrer to the bill, in so far as it prays a decree for future support.

The decree of the Chancellor will be modified as hereinabove indicated, and the cause remanded for further proceedings. Costs of the appeal will be decreed against the defendant, appellant.