ROSE FUNERAL HOME, INC., *v.* JULIAN.

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

HARTMAN, LOCKWOOD & CARSON and S. E. HODGES, all of Knoxville, for plaintiff in error.

JOHN M. KELLY, of Knoxville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by an undertaker to recover from a child's father funeral expenses incident to the

burial of the child. The court of general sessions dismissed the suit and its judgment was affirmed by the circuit court. The case was tried on a stipulation of facts and the appeal was taken directly to this court.

The stipulation shows that the father and mother of the deceased child were divorced on March 12, 1935. By the decree of divorce the custody of the child was given to the mother and the father directed to contribute $8 a month to the child's support. He made these payments as ordered until the child's death.

In November, 1938, the little girl, then about three years of age, died of diphtheria. The mother went to the plaintiff and contracted for the burial services. The charge for the same was $171. She told plaintiff that she had insurance on the child, that she would pay the bill, and further told plaintiff that her former husband "was to have nothing to do with the arrangements for the funeral or with the expense thereof."

The child's father, the defendant herein, never had any dealings with the plaintiff nor did he authorize anyone to incur any obligation binding him for the funeral expenses. He did attend the funeral. After the funeral, the mother instructed the plaintiff "to tell no one, and particularly not to tell her former husband, about the funeral bill since she did not want her ex-husband to know about it or have anything to do with the payment of it."

The mother has collected $200.10 on the policy she carried on the child's life. She turned this sum over to her attorney, Mr. A. J. Hartman, of the Knoxville Bar, who now holds it for her. Out of this sum the attorney has paid a druggist bill amounting to $32.94. A doctor's bill amounting to $43 is unpaid. Both these bills were incurred by Mrs. Julian in connection with the child's illness.

The plaintiff has never taken any step or made any effort, except this suit, to collect the funeral bill from the father, but has looked entirely to the mother to pay the account. At the request of Mr. Hartman, mentioned above, the plaintiff authorized the bringing of this suit for the funeral bill against the father, ''for the purpose of testing the question of the liability of the defendant, as the father, on an alleged implied contract for funeral expenses furnished his deceased minor child before the divorced mother might be required to pay the account under her express contract.''

The stipulation further recites that both the father and mother ''are ablebodied and capable of performing gainful work. . . . Mrs. Eva Julian has been employed at mill work, her wages averaging $7.50 a week; and Zac Julian has been employed as a mercantile stock clerk, wages averaging $15.00 a week.''

Counsel for the plaintiff presses upon our consideration a line of decisions such as *Evans* v. *Evans*, 125 Tenn., 112, 140 S. W., 745, Ann. Cas., 1913C, 294; *Graham* v. *Graham,* 140 Tenn., 328, 204 S. W., 987, and *Owen* v. *Watson,* 157 Tenn., 352, 8 S. W. (2d), 484. The ruling of these decisions is that the father is primarily liable for the support of his minor children and that, where there is a divorce, the father still remains liable for the support of his children, even though their custody was awarded by the divorce decree to the mother. In none of these cases did the decree of divorce impose any specific obligation on the father for the support of the child awarded to the mother, as did the decree now under consideration.

Where the divorce decree awarding the custody of the child to the mother provides that the father shall contribute to its maintenance, it is logically held that

such a decree relates merely to the relative rights and duties of the parents toward each other. Since the child is not a party to such suit, the child's rights as against the father are not affected. *Connett* v. *Connett,* 81 Neb., 777, 116 N. W., 658.

■ Whether such a decree is final, as between the father and mother, is said to depend upon its terms or upon the statute under which it is rendered. *Conrad* v. *Conrad,* 64 S. W., 674, 23 Ky. Law Rep., 1066; *Stonehill* v. *Stonehill,* 146 Ind., 445, 45 N. E., 600; *Snover* v. *Snover,* 13 N. J. Eq., 261, and other cases collected in a note, 12 Ann. Cas., 139.

■ In Tennessee, by section 8446 of the Code, when a perpetual or temporary separation between a husband and wife is decreed and an order made on the husband for a suitable support of the wife or child, it is provided that the order or decree is "to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such an allowance on cause being shown." The decree in this case having been entered since the adoption of the Code, it is of course controlled by this statute and the charge of $8 per month against the husband for the child's support is subject to modification.

■ We have little hesitation in concluding that the funeral expense incident to the burying of a minor child is to be classed as a necessity for which the parents of such child are liable. 46 C. J., 1278.

■ *Evans* v. *Evans, supra; Graham* v. *Graham, supra; Owen* v. *Watson, supra,* and other decisions of this court upon which, as heretofore stated, plaintiff relies, preceded or did not consider chapter 41 of the Acts of 1923 and chapter 79 of the Acts of 1927, carried into the Code at section 8463, which is as follows:

"Fathers and mothers are joint natural guardians of their minor children, and they are equally and jointly charged with their care, nurture, welfare, education, and support, and also with the care, management and expenditure of their estates. Fathers and mothers have equal powers, rights, and duties with respect to the custody of their minor child or children, and the control and the services and earnings of such minor child or children; provided, that so much as may be necessary of the net income of such minor child may be expended in his care, maintenance and education."

By this section of the Code the obligation for the support of a minor child is no longer primarily charged upon the father, but father and mother are equally and jointly charged with the child's care, nurture, welfare, education, and support. This statutory provision was considered by the court in *Brooks* v. *Brooks,* 166 Tenn., 255, 61 S. W. (2d), 654. In that case it was said:

"The obligation previously resting upon the father to maintain and support his minor children cannot be said to have been destroyed by this statute. That obligation was to provide for the child 'in a manner commensurate with his means and station in life.' *Evans* v. *Evans, supra.* The obligation cast upon the mother by the statute must be measured by the same varying and relative standard. It is obvious, therefore, that the 'equal and joint' obligation imposed upon both parents cannot be divided between them by arbitrary or mathematical measure. The obligation of both to provide a support for their child is equal and joint, in so far as the child is concerned, but a controversy between the parents, as to the proper contribution of each, seems to us to be determinable only by equitable principles and rules, with due regard to the condition and means of each."

540

 Upon authority of *Brooks* v. *Brooks, supra,* we think there should be an equitable apportionment, as between father ad mother, of the expenses incident to this child's sickness and death. The mother has collected $200.10 of insurance money, as aforesaid. This policy could have been carried but a short time and we know that the cost of such a policy was small. The proceeds thereof appear to be in the hands of an attorney awaiting the disposition of this case. The total expenses incident to the child's sickness, funeral bill, doctor's bill and druggist's bill amount to $246. The court thinks the defendant should be required to contribute one-third of this sum, $82.32. A judgment in favor of the plaintiff against defendant for $82.32 will leave enough money in the hands of the attorney to pay the remainder of plaintiff's bill and also the doctor's bill, and a little more. It seems to us, upon the facts of this case, in view of his former contributions for the infant's support, and the mothers' financial ability arising out of the insurance policy, that a charge of the sum indicated against the father would be equitable and just.

 We do not think the case of *Hill* v. *Childress,* 18 Tenn. (10 Yerg.), 514, and that line of authorities relied on by defendant is in point. Ordinarily, as said, there cannot be an express contract and an implied contract for the same thing existing at the same time. Here, however, an obligation is imposed by statute on two persons. An agreement by the mother to perform her statutory duty does not discharge the father's statutory obligation.

The judgment of the circuit court is reversed and judgment here entered in favor of the plaintiff for $82.32 and costs.