MERRILL *v.* MERRILL.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

Rehearing denied January 27, 1949.

ELY & ELY, of Knoxville, for appellant.

SOUTHERN & SOUTHERN, of Knoxville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is an original attachment suit brought by Hattie S. Merrill against her former husband, William Raymond Merrill, under the following circumstances: The parties, then being residents of the State of Alabama, were divorced in the circuit court in equity of Colbert County in that state in 1944. The husband, defendant here, was ordered to pay the sum of $20 per month for the support of the two minor children whose custody was awarded to the mother. Some time later the mother moved to Knoxville, where she was employed, and by this suit seeks to recover the sum of $350.80 from defendant for hospital and doctors' bills for said minor children.

The cause was tried on a stipulation of facts, from which it appears that defendant is a resident of Alabama, and the wages in controversy are being held by the Tennessee Valley Authority by garnishment.

Defendant filed a plea in abatement, relying upon section 9429 of Williams' Code which provides as follows: "Wages earned out of this state and payable out of this state shall be exempt from attachment or garnishment

in all cases, where the cause of action arose out of this state, and it shall be the duty of garnishees in such cases to plead such exemption unless the defendant is actually served with process.''

██ The special Chancellor granted the relief sought, holding that the cause of action arose in this state. We held the above quoted statute constitutional in *Taylor* v. *Mosley,* 157 Tenn. 592, 11 S. W. (2d) 876.

Under section 8463 of the Code both parents are liable for the support and maintenance of these children. The parties heretofore resided in Colbert County, Alabama. It was in that state that complainant instituted her divorce suit, and where her divorce was granted and alimony provided for.

██ ██ The present suit is not one to collect alimony but is a separate and independent suit on an implied contract to pay the hospital and doctors' bills in question, and we think it was brought in the proper forum. The alimony provision in the decree of divorce does not operate to discharge the duties and obligations of defendant to defray the cost of emergency services. Having engaged such services, complainant is entitled in equity to recover the amount sued for from defendant under the holding in *Rose Funeral Home, Inc.,* v. *Julian,* 176 Tenn. 534, 144 S. W. (2d) 755, 131 A. L. R. 858. It appears that the husband is earning $2,170 per annum as an employee of the Tennessee Valley Authority, that the $20 per month for the support of their two minor children has been expended, and that the mother earns about $25 per week as saleslady for a nonresident cosmetic company.

██ We think the question involved in the present cause is governed by *Brooks* v. *Brooks,* 166 Tenn. 255,

257, 61 S. W. (2d) 654, where it was held that it was the equal and joint obligation of both parents to support their minor child, "but a controversy between the parents, as to the proper contribution of each, seems to us to be determinable only by equitable principles and rules, with due regard to the condition and means of each." This same principle was recognized in *Rose Funeral Home, Inc.*, v. *Julian, supra.*

So, applying equitable principles, we are of opinion that in this cause the husband should be required to reimburse the mother for the entire amount expended by the latter for hospital and doctors' bills for their two minor children.

We find no error in the decree of the special Chancellor and it is affirmed.

All concur.