COLEMAN *v.* COLEMAN.

*(Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

James H. Hicks, of Memphis, for appellant.

Blount & Irwin and Stanley C. Simon, of Memphis, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

Appellant, Mrs. Amelia Thomas Coleman, and appellee, Harold A. Coleman, were divorced in 1947 by a judgment of the Circuit Court of Shelby County. They are the parents of a child who is a minor of tender years. That fact was mentioned in the Circuit Court pleadings, but the judgment granting divorce did not award the custody of this child to any one nor make any provision for its support. The decree did not order the retention of the cause for any purpose. Actually, the child was then and has continued in the custody of its mother, appellant here, and, at her instance, is now with its maternal grandparents in Kentucky.

In November, 1949 Mrs. Coleman filed a bill in the Chancery Court of Shelby County against Mr. Coleman for the purpose of a "recovery of a reasonable sum as reimbursement" for expenses which had been incurred by her in the support of this child from the date of the Circuit Court divorce judgment to the date of the filing of this bill. In this Chancery Court bill she disclosed the aforementioned facts with the exception of the present physical residence of the child, and further alleged that she understood from her husband and his attorney

in the divorce proceedings that the divorce decree would "fix a proper amount for the support and maintenance of" this child; hence, that she gave the matter no further attention at that time.

The answer and cross-bill of the husband averred (1) bad faith upon the part of Mrs. Coleman in sending this child to her maternal grandparents in Kentucky, and (2) financial inability upon her part to support this child, and (3) that his situation had so changed as to enable him to furnish the child a proper home and adequate support and advantages. He asked the Court to dismiss her bill for lack of equity, and to award the custody of this child to him.

Mrs. Coleman met this cross-bill by demurrer which challenged the jurisdiction of the Chancellor to enter any order with reference to the custody of the child, this challenge being on the ground that the "child is now out of the jurisdiction of this Court".

Upon the hearing of the motion to dispose of this demurrer, the Chancellor held that exclusive jurisdiction of this entire matter was vested in that Circuit Court of Shelby County which had granted the divorce, because of the provisions of Code, Sections 8446 and 8454, respectively; hence, that this Chancery Court "has no jurisdiction over the matter". The Chancellor on his own motion ordered a transfer of "this entire cause" to that Circuit Court of Shelby County which had granted the divorce.

Mrs. Coleman excepted "to all of" this decree, prayed and was granted this appeal, and by her assignments of error presents the questions of law hereinafter stated and determined.

██ ██ The obligation to support this child was the joint obligation of its parents, notwithstanding the fact (1) that Mrs. Coleman had the actual custody of the child and (2) that the divorce decree made no provision with reference to the child's support. *Brooks* v. *Brooks*, 166 Tenn. 255, 61 S. W. (2d) 654, 655. Inasmuch as Mrs. Coleman had entirely satisfied this obligation between the date of the divorce and the date of the commencement of her suit in Chancery she was entitled to reimbursement by the father of a part of the money which she had thus expended. Her bill, therefore, stated "a case for equitable relief . . . which would justify a decree against the defendant (Coleman) for that part of the support of the child prior to the filing of the bill which the Chancellor, having due regard to the ability of each of the parties, may determine the defendant (Coleman) should bear". *Brooks* v. *Brooks*, supra. This right of the divorce mother to maintain a suit against the father for reimbursement of part of the money expended by her in the past support of their minor child after the divorce is again declared in very positive language in Rose Funeral Home, Inc., v. Julian, 176 Tenn. 534, 540, 144 S. W. (2d) 755, 131 A. L. R. 858, and *Davenport* v. *Davenport,* 178 Tenn. 517, 520, 160 S. W. (2d) 406.

So, the question here is whether the provisions of Code, Sections 8446 and 8454 prevent Mrs. Coleman from suing for this reimbursement in any court or in any case other than the Court and case in which the divorce judgment was entered, as held by the Chancellor. *Brooks* v. *Brooks,* supra, made no mention of Code, Sections 8446 and 8454, and it does not appear in the case that the wife's suit for contribution there was in the same Court and case in which the divorce was granted.

It is provided by Code, Section 8446 that when the Court grants a divorce in a case where minor children are involved the decree may provide for suitable support by the husband and father for these minors. This Code section then directs that this decree remain in the Court's control with authority on application of either party to "increase or decrease . . . such allowance". Code Section 8454 provides that in divorce suits where the custody of minor children are involved the Court in the divorce decree may determine and award the custody of the children and decree for their support by the father. Then this Code section provides that "such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require".

Under each of these Code sections the cause is not retained in Court for the purpose of making an order with reference to something which has already happened, but for the purpose of entering further orders effective as to the future. The suit of Mrs. Coleman for reimbursement is for a matter which has already happened. She only seeks in this suit reimbursement for moneys already spent. Therefore, her suit does not come within the provisions of these two Code sections.

Approaching from another direction consideration of the application of Code, Sections 8446 and 8454 to the suit of Mrs. Coleman for reimbursement, it is to be observed that if a party other than a divorced mother properly furnishes to the minor necessities which the father is obligated to furnish, then such third person so furnishing such necessities may maintain a suit against the father for reimbursement of moneys expended in the furnishing of those necessities. *Rose Funeral Home,*

*Inc.*, v. *Julian*, 176 Tenn. 534, 144 S. W. (2d) 755, 131 A. L. R. 858. It was not contemplated by the Code sections mentioned that such third party must file his claim against the father in the previous divorce suit between the parents of this child. Mrs. Coleman, insofar as her present suit for reimbursement is concerned, occupies the same position as that of any other person who has properly furnished to the child necessities which the father was obligated to furnish. She is no less a creditor of this father than is any other person who has furnished such necessities. So, she is no more prevented by the Code sections mentioned from maintaining a separate suit against the father for necessities already furnished than is a third person who had furnished such necessities.

■ The strong probability is that when the Chancellor held that Mrs. Coleman's suit for reimbursement must be prosecuted in the case in which the divorce proceedings were had because of Code, Sections 8446 and 8454 he overlooked the fact that those Code sections contemplate orders with reference to the future, whereas Mrs. Coleman's suit is that of a creditor for reimbursement of an expense already incurred. However, for the reasons stated, we are of the opinion that Mrs. Coleman's suit for reimbursement is not controlled by these Code sections and that the Chancellor erred in so holding and in ordering her suit transferred to that Circuit Court and cause in which the divorce proceedings were had.

■ The Chancellor further held that Mr. Coleman's cross-bill whereby he sought a decree awarding custody of this child is likewise controlled by Code, Sections 8446 and 8454; that, therefore, exclusive juris-

diction of the question as to whom the custody of this child should be awarded is in that Circuit Court and cause in which the divorce was granted. The Chancellor was correct in so holding. *Johnson* v. *Johnson,* 185 Tenn. 400, 206 S. W. (2d) 400. The fact that the divorce decree of the Circuit Court did not adjudicate the custody of this child or make any reference thereto or retain the cause in Court is immaterial. Code, Sections 8454 incorporates in every divorce decree, without express recitation, a retention of control of the question as to whom at any given time in the future the custody of the minor children shall be awarded. *Davenport* v. *Davenport,* 178 Tenn. 517, 523, 160 S. W. (2d) 406.

At this point we are confronted with the question of whether the Chancellor had the authority to order the cross-bill transferred to that Circuit Court which under Code, Section 8454 had exclusive jurisdiction to determine the custody of this child, or whether the Chancellor should have dismissed the cross-bill for lack of jurisdiction.

We have been unable to find any statute which authorizes the Chancellor to transfer this cross-bill to the Circuit Court for further proceedings there with reference to the custody of this child. Nor have we been able to find any opinion of this Court so holding. In the case of *Elkins* v. *Sams,* 4 Tenn. 44, the County Court did not have jurisdiction to grant the relief for which suit was brought in that Court. The Circuit Court did have jurisdiction of the matter. By consent the County Court ordered the cause transferred to the Circuit Court. It was held that inasmuch as the defendant consented to the transfer he would not thereafter be allowed to assign it as error. In *Bruce* v. *Bruce,* Tenn. App., 222 S. W.

(2d) 228, the Court of Appeals approvingly referred to *Elkins* v. *Sams*. In this cause, however, Mrs. Coleman did not consent to the transfer. On the other hand, she excepted to the action of the Court in so ordering. Nor did Mr. Coleman request such action, though he is not objecting.

There are several situations in this State in which one Court without jurisdiction of a given cause is authorized without consent of the parties to transfer that cause to a Court having jurisdiction. But that authority is in each instance given by statute. As aforesaid, we find no authority whereby the Chancery Court, being without authority to adjudicate the custody of a child because of Code, Section 8454, is authorized without consent of the parties to transfer the cause to another Court having such jurisdiction. We do not determine what its authority within the premises might be if the parties consented.

The fact that statutes were considered necessary to authorize transfers by a Court without jurisdiction to a Court with jurisdiction implies lack of authority to order such transfer in the absence of statutory authority, and the Courts seem to have so regarded it. By way of illustration, Code, Section 9110 provides that where a suit is dismissed for want of jurisdiction costs should be adjudged against the party attempting to institute such suit. The reason for the enactment of that statute was because the Courts were of the opinion that in the absence of jurisdiction of a given cause there was no authority to adjudge costs. *Nashville* v. *Wilson*, 88 Tenn. 407, 12 S. W. 1082. Another illustration is in the practice of the Supreme Court in cases which should have been appealed to the Court of Civil Appeals. Until the en-

actment of a statute authorizing the transfer of the cause to the Court of Appeals this Court simply dismissed the cause for want of jurisdiction. *Solvent Sav. Bank & Trust Co.* v. *Walker*, 128 Tenn. 22, 157 S. W. 66.

We are of the opinion that since there is no statute authorizing the Chancery Court to transfer this cause to the Circuit Court, it was without authority of its own motion to order the transfer or to do more with reference to the cross-bill than to dismiss it for lack of jurisdiction and adjudge the costs against cross-complainant. Code, Section 9110.

The demurrer to the cross-bill will be sustained and the cross-bill dismissed. The cause will be remanded for further proceedings under the original bill and the answer thereto. The costs of this appeal will be divided equally between the appellant and appellee.

All concur.