# CLINE v. CLINE.—270 S. W. (2d) 499.

Eastern Section.   March 17, 1954.

Petition for Certiorari denied by Supreme Court, July 22, 1954.

Dietzen, Graham & Dietzen, of Chattanooga, for appellant.

Moore & Moore, of Chattanooga, for appellee.

McAMIS, P. J. This is an action by a divorced wife against her former husband to recover money expended prior to the divorce in support of three minor children of the parties. The Chancellor rendered a decree for $5,400 from which defendant has appealed.

The assignments of error make the insistence that the decree is erroneous because: (1) The divorce decree finally adjudicated that complainant wilfully deserted defendant by refusing to move with him to Chattanooga where he was employed; (2) There is no proof that defendant deserted his children or failed to provide them with the necessities of life and, therefore, expenditures made by complainant were voluntary and gratuitous and constituted nothing more than a performance of her statutory duty to her children; (3) Complainant's failure to assert her claim for reimbursement in the divorce suit as she could have done constitutes an estoppel by judgment; (4) The amount allowed by the Chancellor is excessive.

The parties were married April 18, 1938. They lived for several years at Cartwright in Sequatchie County, Tennessee, where they acquired as tenants by the entirety a house and two and one-half acres of land. Three daughters were born to this union, the two oldest being twins, 13 years of age. The youngest daughter is nine years of age. The daughters have continuously resided with their mother in the home at Cartwright.

In 1944 defendant obtained employment in Chattanooga, a distance of about 25 miles from Cartwright. For about eight months he commuted to and from his work.

Thereafter and until 1946 he supported his family and returned home at intervals. There is no complaint of the Chancellor's findings that defendant stopped visiting his family in 1946 but, for about a year, contributed ten or fifteen dollars per week to their support; that thereafter he contributed practically nothing and the family has been entirely supported by complainant out of her salary as a public school teacher. Her salary has ranged from $160 to $177 per month for nine months of each year. Defendant's earnings have averaged $281 per month: The Chancellor's decree is based upon an allowance of $75 per month for a period of six years next preceding the filing of the bill.

■ We think counsel are in error in assuming that the adjudication of wilful desertion in the divorce suit is conclusive of complainant's right to recover. One reason is that the divorce decree only covers a period of two years before the filing of the suit for divorce, or one-third of the period for which the Chancellor awarded a recovery.

In addition, complainant testified that defendant made no request at any time that he be permitted to take care of the children but that, on the contrary, defendant refused to provide a home for them in Chattanooga. It also appears from a divorce bill filed by defendant against complainant in Hamilton County, later dismissed because of his fraud in securing service of process, that he was not interested in obtaining custody of the children but was agreeable that they remain with complainant.

■■ The general rule is that a father willing to support his children in his own home will not be required to support them elsewhere. 67 C. J. S., Parent and Child, Section 16, p. 699. In most states, consistent with this rule, it has been held that if the mother leaves the father with-

out sufficient justification, taking the children with her, she cannot recover for necessaries subsequently furnished to the children. 39 Am. Jur. 689; Annotation 32 A. L. R. 1466. The rule has no application, however, where, as in this case, the father has made no attempt to assert his custodial rights and by implication agrees that the mother, living apart from him, retain custody of the children. 32 A. L. R. pp. 1469, 1471; and compare Beigler v. Chamberlin, 138 Minn. 377, 165 N. W. 128, L. R. A. 1918B, 215 and Poindexter v. State, 137 Tenn. 386, 193 S. W. 126. Since the general rule does not apply under the facts outlined and since the divorce decree does not purport to make an adjudication as to the father's willingness to support his children, it has no bearing on complainant's right to an equitable contribution from him.

██ Considered independently of the divorce decree, we cannot say that the evidence preponderates against the finding of the Chancellor, implicit in the decree, that defendant deserted his children and failed to provide them with the necessities of life. Hence, complainant's support of the children was not voluntary or gratuitous as defendant insists. The statute, Code Section 8463, imposed upon her, equally with defendant, the duty of support. Defendant's breach of duty made the observance of her duty even more imperative. We can find no basis for treating her as a volunteer in relieving defendant of his duty. The same argument would have been equally plausible in Brooks v. Brooks, 166 Tenn. 255, 61 S. W. (2d) 654; Hall v. Jordan, 190 Tenn. 1, 227 S. W. (2d) 35; Atchley v. Atchley, 29 Tenn. App. 124, 194 S. W. (2d) 252, in all of which recoveries by the mother were sustained.

█ Defendant insists that complainant's failure to assert her claim for contribution in the divorce proceed-

ings concludes her right to assert it in an independent proceeding. The main reliance for this argument is upon Code Sections 8446, 8447, providing that a suitable allowance may be made for the wife and children where she obtains a divorce. It is said the wife's claim, here asserted, was property belonging to her and which, under Section 8447, the Court would have been compelled to consider as "property which the husband received by his wife". The argument falls of its own weight when it is considered that the wife was neither seeking a divorce nor alimony but was a defendant in the divorce proceeding. The statute invoked has no application.

The plea of former adjudication is not a proper defense to this suit. This suit was instituted for a purpose entirely separate and distinct from the divorce suit. Defendant instituted that suit for the sole purpose of obtaining a divorce. He sought by his bill no adjudication as to the property rights of the parties. Complainant, defendant in that case, filed no answer and sought no relief as to her property rights. Her claim for contribution from defendant for prior support of the children would not have been a defense to the only relief sought by the bill and was not material to any issue tendered by the bill.

The familiar rule is that where the two causes of action are different, the judgment in the first suit is binding as an estoppel only as to those matters in issue, the inquiry being what point or question was actually litigated and determined in the original action, not what might have been litigated and determined. Pile v. Pile, 134 Tenn. 370, 183 S. W. 1004, and cases cited.

The principle is given full application in subsequent litigation involving the property rights of parties to a prior divorce action. 27 C. J. S., Divorce, Section, 300,

p. 1150; In re Williams' Estate, 36 Cal. (2d) 289, 233 P. (2d) 248, 22 A. L. R. (2d) 716; Johnson v. Swanson, 209 Ark. 144, 189 S. W. (2d) 803.

■■ The amount which a parent is entitled to recoup in an action against the other parent for sums expended in discharge of their joint obligation of support is governed by equitable considerations and principles, "with due regard to the condition and means of each." Brooks v. Brooks, 166 Tenn. 255, 61 S. W. (2d) 654; Rose Funeral Home, Inc. v. Julian, 176 Tenn. 534, 144 S. W. (2d) 755, 131 A. L. R. 858; Merrill v. Merrill, 188 Tenn 10, 216 S. W. (2d) 705, 7 A. L. R. (2d) 488.

The complainant had an average earning of approximately $168 per month during the period in question or an annual income of approximately $1,500. The defendant's earnings during the same period were approximately $3,350 per annum. The Chancellor found from the proof that complainant expended for the support of the children $100 per month. He allowed, as stated, a recovery of $75 per month or three-fourths the amount expended by complainant. This is almost the exact ratio of their earnings. During the period complainant doubtless performed other needed services while defendant did nothing for his children. We cannot say, under all the circumstances, that the Chancellor erred in fixing the amount.

Affirmed and remanded for enforcement of the decree. Appellant will pay costs.

Hale and Howard, JJ., concur.