PATSY RUTH HILTON, Appellee, v. TED BAKER HILTON, Appellant. No. 142.—463 S.W.2d 955.

Eastern Section. November 11, 1970.

Certiorari Denied by Supreme Court March 1, 1971.

Joseph J. Levitt, Jr., Knoxville, for appellant.

Wade M. Boswell, Knoxville, for appellee.

PARROTT, J.  This appeal from the Circuit Court of Knox County comes by writ or error. We have before this court only the technical record.

The sole question is whether or not after divorce a mother can be required to contribute to the support of minor children whose custody has been placed with the father.

Appellant, Ted Hilton's petition seeking a change in custody asks the court to order his former wife to contribute toward the support of their two minor children who, by prior decree of the court, had been awarded to the wife.

Patsy Ruth Hilton answered the petition admitting there had been a change of circumstances since the entry of the decree awarding her custody of the two minor children and that she was gainfully employed. Further averments deny the petitioner is a fit and proper person to have custody of the minor children.

It appears from the circuit judge's order granting the change of custody from Patsy Ruth Hilton to Ted Hilton that at the hearing Patsy Ruth Hilton did not contest or resist the change.

On the question of Patsy Ruth Hilton's contributing to the support of the children, the circuit judge's order states 'that the relief sought by the petitioner was not contemplated by the statutes of the State of Tennessee or the appellate decisions of this state * * *. Accordingly, it was made to appear to the Court that no testimony should be taken upon the petition, but that as to the support sought for the minor children, it should be dismissed.''

In this appeal appellant cites and relies upon T.C.A. 34-101 which provides in part:

"Fathers and mothers are joint natural guardians of their minor children, and they are equally and jointly charged with their care, nurture, welfare, education and support, and also with the care, management, and expenditure of their estates."

It is manifest this statute equally charges the father and mother with the care, support and education of their minor children. Under this statute there are several decisions of our courts where the mother has been allowed to recover from the father expenditures she has made on behalf of minor children but we have not found any cases where the father has sought or been allowed recovery from the mother. Atchley v. Atchley, 29 Tenn.App. 124, 194 S.W.2d 252 (educational expenses); Cline v. Cline, 37 Tenn.App. 696, 270 S.W.2d 499 (moneys expended by mother prior to divorce); Rose Funeral Home v. Julian, 176 Tenn. 534, 144 S.W.2d 755 (burial expenses of minor child); Merrill v. Merrill, 188 Tenn. 10, 216 S.W.2d 705 (medical expenses); Brooks v. Brooks, 166 Tenn. 255, 61 S.W.2d 654 (moneys expended for ordinary living expenses).

One common thread in all these cases is that the mother brought the suit to recover sums already expended. None of the cases deal precisely with an allowance for future support.

In Brooks v. Brooks, supra, our Supreme Court, in construing Sec. 8463 [now T.C.A. 34-101], held the statute did not provide that a parent may maintain an action for allowance of future support of minors. In doing so the Court said: "* * * we ruled that the courts are without jurisdiction to render such judgment, in the absence of a statute authorizing it * * *" Then the Court went on to say: "* * * we are satisfied that a judgment or decree

for future support of the child may not be rendered in an action brought for that purpose by the mother in her own name and right.''

In all of the cases which we have read where the courts have been called upon to decide a controversy between parents as to the proper contribution of each, it has been said that such must be determined by equitable principle with due regard to the conditions and means of each and the recovery was for moneys that already had been expended or debts incurred for the benefit of the child prior to the institution of a suit.

The only statute we know of giving a court authority to decree future support for the use and benefit of a child is T.C.A. 36-828. This statute, which is found in the Divorce and Annulment chapter of the Code, specifically provides ''the court may decree that suitable support be made by the father.'' It must be noted that the legislature does not include the words ''mother'' or ''parent'' but expressly limits future support to be decreed against the father. Surely if the legislature had intended and meant the courts would be empowered or authorized to impose future support on either parent, such would have been expressly declared instead of being limited to just the father.

Thus it results that we are unable to construe that either T.C.A. 34-101 or 36-828 as bestowing upon our Court the authority or power to require a mother to pay contributions for future support of her minor children.

Let the circuit judge's order be affirmed with costs taxed to petitioner.

Cooper, P. J. (E.S.), and Sanders, J., concur.