IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 3, 2016 Session

## TONYA HALLEEN BLACKWELL v. CHRISTOPHER S. BLACKWELL

**Appeal from the Circuit Court for Montgomery County**
**No. MC CC CV DV 13-239     Laurence M. McMillan, Jr., Chancellor**

_____

**No. M2015-01624-COA-R3-CV – Filed June 29, 2016**

_____

In this post-divorce action, the mother sought modification of the father's child support obligation due to a material change of circumstances. The trial court increased the father's child support obligation but declined to order such modification effective as of the date the mother filed her petition to modify. The mother has appealed. Having determined that the trial court erred in failing to modify the father's child support obligation effective as of the date of the petition's filing, we reverse the trial court's judgment in that regard and remand for entry of a modified judgment retroactive to the date the mother filed the petition. We affirm the trial court's judgment in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part, Reversed in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Christopher J. Pittman, Clarksville, Tennessee, for the appellant, Tonya Halleen Blackwell.

Steven C. Girsky, Clarksville, Tennessee, for the appellee, Christopher S. Blackwell.

### OPINION

#### I. Factual and Procedural Background

This action originated in 2013 when the petitioner, Tonya Halleen Blackwell ("Mother"), filed a complaint for divorce against the respondent, Christopher S.

Blackwell ("Father"), in the Montgomery County Circuit Court ("trial court"). Mother stated that the parties had two minor children, a son and a daughter, who were ages thirteen and nine respectively at the time of the complaint's filing. The parties subsequently reached a co-parenting agreement in which Mother exercised co-parenting time with the parties' daughter 285 days per year and Father exercised co-parenting time with the parties' daughter 80 days per year. By contrast, Father was to exercise co-parenting time with the parties' son 285 days per year with Mother exercising co-parenting time with the parties' son 80 days per year. Due to the disparity in the parties' incomes, Father agreed to pay child support in the amount of $2,100 per month pursuant to Tennessee's Child Support Guidelines. The trial court entered a permanent parenting plan on December 3, 2013, effectuating the parties' agreement.

Mother subsequently filed a petition on July 11, 2014, seeking to increase Father's child support obligation and modify the permanent parenting plan because the parties' son had begun residing with Mother full time. Mother asserted that this change occurred shortly after entry of the final decree and constituted a material change in circumstances. Mother filed a proposed permanent parenting plan, which provided that both children would reside with her 285 days per year. Mother also filed a child support worksheet demonstrating that Father's child support obligation should be increased to $3,200 per month. Father filed a response to Mother's petition, stating that Mother had coerced the son to live with her. Father asserted that the son was planning to resume residing with Father in the fall.

The trial court conducted a hearing on June 2, 2015, regarding Mother's petition. The parties were the only witnesses who testified. Mother stated that the parties' son came to reside with her in February 2014, and had only spent two weekends with Father since that time. Mother further testified that the parties' daughter had also spent very little time with Father. Mother denied interfering with Father's co-parenting time.

As Mother explained, Father earned $50,000 per month and had continued to pay her only $2,100 per month in child support even though both children were residing with her. Mother admitted that the parties lived in close proximity to one another and had fashioned a co-parenting schedule that would allow for some flexibility in co-parenting time. According to Mother, Father had not sought to exercise his allotted co-parenting time with the children.

Mother testified that Father had recently purchased a racecar and a boat, such that he clearly had the ability to pay additional child support. Mother acknowledged that the racecar was a hobby that Father and the children had enjoyed together for two weekends. She also acknowledged that Father sometimes paid for the children's school lunches and "other functions."

2

Father testified that although he had tried to be flexible with the co-parenting schedule, he would insist upon receiving his co-parenting time in the future. According to Father, Mother scheduled activities for the children that interfered with his co-parenting time. Father further explained that he had recently purchased a racecar as a way to bond with his children. Father asserted that he did not think the co-parenting schedule should be changed. He admitted, however, that the parties' son had only spent two weekends with him since the son began residing with Mother.

Following the hearing, the trial court entered an order on July 13, 2015, granting Mother's petition in part and denying it in part. The court determined that there had been a material change in circumstances since entry of the divorce decree because the parties' son was primarily residing with Mother and had spent only two weekends with Father since the filing of Mother's petition. Also determining Mother's proposed parenting plan to be in the best interest of the children, the court adopted her plan, which provided that Mother would enjoy co-parenting time with the children 285 days per year while Father would enjoy co-parenting time 80 days per year.

The trial court increased Father's child support obligation to $3,200 per month pursuant to the applicable Guidelines. The court ruled, however, that such increase in child support would only be retroactive to June 1, 2015, rather than July 11, 2014, the date Mother filed her petition seeking modification. In pertinent part, the court stated: "The Court finds that, even though the Mother filed a petition in July 2014, the Court is exercising its discretion to not award any arrearage payments prior to June 1, 2015 because the testimony suggests the Father has spent additional funds on the children." Mother timely appealed.

## II. Issue Presented

Mother presents one issue for our review:

> Whether the trial court abused its discretion in declining to make the modified child support amount effective from the date the petition to modify was filed.

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law, including those of statutory construction, *de novo*

with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

This Court has described the proper standard of review for child support determinations as follows:

> Prior to the adoption of the Child Support Guidelines, trial courts had wide discretion in matters relating to child custody and support. *Hopkins v. Hopkins*, 152 S.W.3d 447, 452 (Tenn. 2004) (Barker, J., dissenting). Their discretion was guided only by broad equitable principles and rules which took into consideration the condition and means of each parent. *Brooks v. Brooks*, 166 Tenn. 255, 257, 61 S.W.2d 654, 654 (1933). However, the adoption of the Child Support Guidelines has limited the courts' discretion substantially, and decisions regarding child support must be made within the strictures of the Child Support Guidelines. *Berryhill v. Rhodes*, 21 S.W.3d 188, 193 (Tenn. 2000); *Jones v. Jones*, 930 S.W.2d 541, 545 (Tenn. 1996); *Smith v. Smith*, 165 S.W.3d 279, 282 (Tenn. Ct. App. 2004).

> * * *

> Because child support decisions retain an element of discretion, we review them using the deferential "abuse of discretion" standard. This standard is a review-constraining standard of review that calls for less intense appellate review and, therefore, less likelihood that the trial court's decision will be reversed. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *White v. Vanderbilt Univ*., 21 S.W.3d 215, 222-23 (Tenn. Ct. App. 1999). Appellate courts do not have the latitude to substitute their discretion for that of the trial court. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). Thus, a trial court's discretionary decision will be upheld as long as it is not clearly unreasonable, *Bogan v. Bogan*, 60 S.W.3d 721, 733 (Tenn. 2001), and reasonable minds can disagree about its correctness. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000). Discretionary decisions must, however, take the applicable law and the

relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996).

*Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005).

## IV. Effective Date of Child Support Modification

Mother argues that the trial court abused its discretion in denying her request to modify Father's child support obligation as of the date of her filing the petition to modify. Although Mother admits that the trial court has discretion in this regard, she contends that the court did not make adequate factual findings in support of its determination that a modification effective from the date of the petition's filing was inappropriate.

Tennessee Code Annotated § 36-5-101(f)(1) (Supp. 2015) provides: "[A] judgment [for child support] shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties." *See also* Tenn. Comp. R. & Regs. 1240-02-04-.05 ("No ordered child support is subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties."). As this Court explained in *McCosh v. McCosh*, No. E2014-01702-COA-R3-CV, 2015 WL 5121077 at *8 (Tenn. Ct. App. Aug. 31, 2015):

> The statute permits the modification of child support retroactively to the time the action for modification was filed. This provision makes sense in that it removes any incentive an obligor parent might otherwise have in delaying litigation and resolution, in an attempt to keep his or her child support payment lower for as long as possible.

In the case at bar, Mother contends that the trial court abused its discretion in refusing to increase Father's child support obligation retroactive to the date of filing of Mother's petition because, according to Mother, the trial court applied an incorrect legal standard or its decision was based on a clearly erroneous assessment of the evidence. Our Supreme Court has thoroughly explained the abuse of discretion standard of review as follows:

> The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. Thus, it does not permit reviewing courts to second-guess the court below, or to substitute their discretion for the lower court's. The

5

abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny.

Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010) (internal citations omitted).

As this Court has recognized, however, when the trial court has failed to make adequate factual findings such that this Court "cannot determine whether the trial court applied an incorrect legal standard or relied on reasoning that caused an injustice because we do not know what legal standard the court applied, or what reasoning it employed," deference to the trial court's decision is abated. *See Gooding v. Gooding*, 477 S.W.3d 774, 783 (Tenn. Ct. App. 2015) (quoting *In re Noah J.,* No. W2014-01778-COA-R3-JV, 2015 WL 1332665 at *5 (Tenn. Ct. App. Mar. 23, 2015)). This Court further explained:

When the trial court fails to explain the factual basis for its decisions, we may conduct a de novo review of the record to determine where the preponderance of the evidence lies or remand the case with instructions to make the requisite findings of fact and conclusions of law and enter judgment accordingly.

6

\* \* \*

As our courts have repeatedly acknowledged, considerable deference must be accorded to the trial court's factual findings; however, such deference abates when the trial court fails to make specific findings of the material facts.

*Gooding*, 477 S.W.3d at 783-84 (internal citations omitted).

In this matter, the trial court refused to modify Father's child support obligation retroactive to the date Mother filed her petition seeking an increase, stating as the basis for such refusal only that "the testimony suggests the Father has spent additional funds on the children." The trial court did not make specific factual findings regarding these "additional funds" or identify the legal standard applied by the court. Because we have been provided with a transcript of the hearing, this Court may conduct a *de novo* review of the evidence to determine where the preponderance of the evidence lies. *See Gooding*, 477 S.W.3d at 783.

At the June 2, 2015 hearing, Father explained that he had recently purchased a racecar as a way to bond with his son and that he had spent time with the children working on the car. The only other testimony regarding "additional funds [spent] on the children" was as follows:

Question (by Father's counsel): All right. He pays for their school lunches and a bunch of other functions in addition to child support, does he not?

Answer (by Mother): Yes, some.

Following our thorough review of the record, we find no other evidence regarding "additional funds" spent by Father. We conclude that the above evidence is insufficient to support the trial court's decision to refuse to modify Father's child support obligation retroactive to the date Mother filed her petition.

In a previous case involving an issue of whether modification retroactive to the date of the petition's filing should have been granted, this Court explained:

With regard to the date to which modification in child support was made retroactive, the trial court gave no reason for making the modification retroactive to December 10, 2007, the date on which Wife filed her petition to modify parenting time, rather than to June 7, 2007, the date on which

7

Wife filed her petition to modify child support. We recognize that the decision as to the date on which modification is made effective is within the trial court's discretion. *See Huntley v. Huntley,* 61 S.W.3d 329, 339 (Tenn. Ct. App. 2001) (quoting *Bjork v. Bjork,* No. 01A01-9702-CV-00087, 1997 WL 653917, at *8 (Tenn. Ct. App. Oct. 22, 1997)). However, in this case, Husband's income increased dramatically well before Wife filed her petition to modify child support. Under these circumstances, we must conclude that the trial court abused its discretion by not making the modification retroactive to the date of Wife's petition, June 7, 2007.

*Wiser v. Wiser*, 339 S.W.3d 1, 20 (Tenn. Ct. App. 2010). Similarly, here, we conclude that the trial court erred by failing to modify Father's child support obligation retroactive to the date of Mother's filing the petition to modify. The parties' son had been residing with Mother for approximately five months before she filed her petition. Furthermore, Father admitted at trial that he had exercised minimal co-parenting time. The trial court provided no adequate factual or legal basis for allowing Father to avoid the payment of his child support obligation, pursuant to the Child Support Guidelines, for eleven months. *See Wiser*, 339 S.W.3d at 20.

Moreover, if the trial court's intent in refusing to modify Father's child support as of the date of the petition's filing was to award Father a credit against any arrearage for monies Father expended on the children over and above his child support obligation, such an offset would be inappropriate based upon this record.[1] Such credit is typically allowed only when the obligor parent has provided "necessaries" for the children that were not supplied by the residential parent, such as shelter, food, tuition, and medical care. *See Peychek v. Rutherford*, No. W2003-01805-COA-R3-JV, 2004 WL 1269313 at *4 (Tenn. Ct. App. June 8, 2004). As this Court explained regarding a credit for necessaries:

> In order to maintain a successful claim for necessaries, the [obligor] must prove: (1) that the child needed the particular goods or services that were provided, (2) that the [residential parent] had a legal obligation to provide the goods or services, (3) that the [residential parent] failed to provide the goods or services, and (4) the actual cost of these goods or services.

*Id.* In this action, Father failed to establish the above requirements regarding a claim of offset for necessaries.

---

[1] The trial court's failure to state the precise factual or legal basis for its ruling hampers this Court's ability to review the trial court's decision. *See Gooding*, 477 S.W.3d at 783.

We conclude that the trial court's determination that Father's child support should not be modified as of the date Mother filed the petition was without factual or legal basis. As such, the trial court either applied an incorrect legal standard or based its decision on a clearly erroneous assessment of the evidence, resulting in an abuse of discretion. We therefore reverse the trial court's determination that Father's child support obligation should be modified retroactive only to June 1, 2015. We instead modify Father's child support obligation to be retroactive to July 11, 2014, the date Mother filed the petition seeking modification. Accordingly, we remand this matter for modification of the judgment to include the additional $1,100 per month of child support due Mother for the time period from July 11, 2014, to June 1, 2015.

## V. Conclusion

For the foregoing reasons, we reverse the trial court's determination that Father's child support obligation should be modified retroactive only to June 1, 2015, and modify Father's child support obligation retroactive to July 11, 2014, the date of filing of Mother's petition seeking modification. We remand this matter for modification of the judgment to include the additional $1,100 per month of child support due Mother for the time period from July 11, 2014, to June 1, 2015. The trial court's judgment is affirmed in all other respects. Costs on appeal are taxed to the appellee, Christopher S. Blackwell.

_____
THOMAS R. FRIERSON, II, JUDGE