CRAVENS et al. v. CRAVENS et al.—207 S. W. (2d) 593.

Middle Section.  October 11, 1947.

Petition for Certiorari denied by Supreme Court, January 16, 1948.

C. K. McBroom, of Jamestown, for petitioners.

A. R. Hogue, of Jamestown, for defendant in error.

HOWELL, J.  The question before this Court in this case is the validity of the action of the trial Judge in disposing of a petition, filed in the divorce case of Cravens v. Cravens, which prayed for a change in the orders of the Court with reference to the care and custody of two children of the parties.

In the divorce case the husband, the complainant, was granted a divorce from his wife on the ground of adultery. In that decree for divorce, which was granted by a Special Judge sitting in the absence of the regular judge, the disposition of the custody of the children was as follows:

"The custody of their two children is now in the care of the defendant, the Mother.  While the complainant has recently been Honorably discharged from the United States Navy and insists that he is now able to care for them and have their custody and asks that they be granted to him at least one half of the time, the court is of the opinion that their custody should not be DISTURBED AT THIS TIME and to divide their custody between the parties would disrupt and disorganize them in such a way that the court feels would not be to their best interest, the prayer of complainants bill, praying for their custody, will therefore, be disallowed, the custody of the children will be retained by the defendant with the right in the complainant to see and visit them as determined by a former judgment of this court."

That decree was entered on December 17, 1945, and the petition was filed December 13, 1946.  The record

discloses that these parties were twice married to each other and the decree mentioned was in the second divorce case.

It was insisted for the defendant that the Court had no jurisdiction to entertain this petition because the former decree had awarded the children to the mother and she and the children were living with her parents, B. W. Bowden and wife, Lena Ann Bowden, and the doctrine of res adjudicata applied.

This insistence cannot be maintained. Under Section 8454 of the Code of Tennessee the case remained within the control of the Court and was subject to such changes or modification as the exigencies of the case required.

In the case of Hicks v. Hicks, 26 Tenn. App. 641, 176 S. W. (2d) 371, 375, Felts, J., said:

"But the decrees in those cases were not final in the sense that they precluded a later decree upon new facts or changed conditions making a change of custody necessary for the welfare of the child. In the Kenner case [Kenner v. Kenner, 139 Tenn. 211, 201 S. W. 779, L. R. A. 1918E, 587] it was said that the power to make such a change remained in the court that had decreed the divorce and custody, 'such power being held essentially in reserve by all courts in such cases.' 139 Tenn. 222-224, 201 S. W. 782, L. R. A. 1918E, 587. See, also, 27 C. J. S., Divorce, Sec. 317.

"That decision was before the enactment of 1932 Code section 8454, by which decrees for support and custody remain in the control of the court and are 'subject to such changes or modification as the exigencies of the case may require.' That section seems merely declaratory of pre-existing law, so far as decrees for custody are concerned. That section and the provision of section 8446,

retaining within the court's control decrees for support or maintenance and empowering the court, on application of either party, to 'decree an increase or decrease of such allowance on cause being shown,' were enacted, it would seem, primarily to remove the difficulty that had been encountered with respect to future installments of alimony in cases where a divorce a vinculo had been granted. Such a decree was final, passed beyond the court's control after thirty days, and could thereafter neither be modified nor enforced by process of contempt. Going v. Going, 144 Tenn. 303, 232 S. W. 443; Going v. Going, 148 Tenn. 522, 256 S. W. 890, 31 A. L. R. 633. The effect of these sections is to retain all decrees for custody and support within the control of the court to enable it to make such changes or modification of them as the exigencies of the case may require. Rose Funeral Home, Inc., v. Julian, 176 Tenn. 534, 144 S. W. (2d) 755, 131 A. L. R. 858; Davenport v. Davenport, 178 Tenn. 517, 160 S. W. (2d) 406.''

See also Logan v. Logan, 26 Tenn. App., 667, 176 S. W. (2d) 601.

Upon the hearing the trial judge found that the charges set out in the petition were sustained by the proof and that it was manifestly to the best interest of the children, Bettie Louise Cravens, about ten years of age and Sammie Sue Cravens about six years old, that their exclusive care, custody and control be given to A. C. Cravens and his wife, Nora Cravens, their grandparents, during their minority, the Cravens being able and willing and agreeing to provide for, educate and care for them, and it was so ordered. Provision was made in the decree for the mother to visit the children and for the children to

visit her and her parents, Mr. and Mrs. Bowden, at reasonable intervals.

From this decree the defendant has appealed and has assigned errors.

The assignments of error, except as to the plea of res adjudicata, are based upon the insufficiency of the evidence to justify the decree.

The record discloses that both the Cravenses and the Bowdens, the grandparents of the children, are worthy people and have good reputations. The Cravenses seem, from the record, to be more fortunate than the Bowdens in that they own their own home and the evidence is that they are amply able to support and care for the children. It does not appear that the Bowdens have any property and Mr. Bowden testified that he was receiving an old age pension and his wife was an invalid and unable to work and that he himself was not able to work.

The record discloses that the mother and the two children had been living with the Bowdens and had been supported by them.

The parents of the plaintiff, the Cravenses, and the parents of the defendant, the Bowdens, were made parties to this case and were all before the court. The regular trial Judge after seeing the Cravenses and B. W. Bowden in person, hearing them testify and observing their manner and demeanor, concluded that it was for the best interest of these two girls that their care and custody be given to the Cravenses rather than to the Bowdens, and we find no error in this conclusion.

We do not deem it necessary to review here the evidence as to the misconduct of the mother and the conditions surrounding the children in the home of their Bowden grandparents. We do not think the weight of

evidence is against the finding of the trial Judge and the assignments of error will be overruled and the decree of the Circuit Court affirmed. The appellants and their sureties on the appeal bond will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.