WILLIAMSON *et al. v.* LAUGHLIN.

(*Knoxville*, September Term, 1950.)

Opinion filed June 16, 1951.

MAUPIN, BERRY & COLEMAN, of Greeneville, for plaintiffs.

JOHN A. ARMSTRONG, of Greeneville, for defendants.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Ruth Greene Laughlin and Guy Williamson, Jr., were formerly husband and wife. There was born to this union a child around whom the present legal battle rages. In a divorce proceeding in the chancery court of Greene County, Ruth Greene Williamson (now Laughlin) was granted an absolute divorce from Guy Williamson, Jr. It appears that Guy Williamson, Sr., and his wife were

intervenors in the divorce case and were awarded the custody of the child, Linda Anne, on the ground that the mother had no home and was compelled to take a business course to earn a livelihood. The case was retained in court as to the future custody of the child.

On January 23, 1951, Guy Williamson, Sr., and his wife filed a petition in the county court of Greene County, Tennessee, seeking to adopt the child. Mrs. Ruth Greene Williamson (Laughlin) and her former husband, Guy W. Williamson, Jr., were made defendants to this adoption proceeding. It is thus made to appear that all parties to the adoption proceeding were parties to the divorce proceeding in the chancery court.

On February 9, 1951, Mrs. Ruth Greene Laughlin filed her original injunction bill in the chancery court seeking to restrain the prosecution of the petition for the adoption of the child. The bill charges that the chancery court "retained jurisdiction of all the parties with reference to the custody (of the child) and that the county court of Greene County, Tennessee, has no right to deprive that court of its jurisdiction." The bill contains other allegations to the effect that she has remarried and that she and her present husband are financially able to care for the child, and greatly desire her care and custody. The prayer of the bill is that the adoption proceeding be enjoined and that the permanent custody of the child be awarded complainant. An injunction bond was duly executed and the restraining order issued under fiat of Circuit Judge Ferguson.

The defendants demurred to the bill upon the following grounds.

"1. There is no equity on the face of the bill.

"2. No cause of action is stated in the original bill.

"3. That it appears from the face of the bill that an action was already pending for the adoption of the child in question in a court of concurrent jurisdiction with this Court prior to the filing of the bill in this cause and therefore this Court has no jurisdiction.

"4. That the County Court of Greene County, Tennessee, has exclusive jurisdiction of the adoption of the child mentioned in the original bill."

The demurrer was overruled and a discretionary appeal was prayed and granted to this Court. The assignments of error complain (1) "The lower court erred in overruling the motion to dissolve the injunction", and (2) "The lower court erred in overruling the demurrer interposed by the defendants."

It is insisted by counsel for the appellants that under Code Section 9572.4, Acts of 1949, c. 127, Sec. 2, the county court had jurisdiction of the adoption proceeding, and that its jurisdiction was in no way affected by Chapter 202 of the Public Acts of 1951, Section 2(3), which conferred exclusive jurisdiction upon the chancery court of adoption proceedings. We think the position thus taken by appellants is correct and that the adoption proceeding here sought to be enjoined could have been prosecuted to a final judgment, provided the interest and welfare of the child was not within the jurisdiction of the chancery court at the time the adoption proceeding was instituted. The argument is made by counsel for appellants "that the county court having first acquired jurisdiction of this adoption proceeding it could not be ousted of its jurisdiction by reason of the original bill filed in the chancery court." Citing *Haley* v. *Doochin,* 186 Tenn. 137, 208 S. W. (2d) 756; 14 Am. Jur., p. 435.

■ The general rule declared in the foregoing authority, and others which need not be cited, cannot be questioned, that is, where a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, and the necessary parties to the case, its authority continues, subject only to appellate review, until the matters in issue are disposed of, and that no court of coordinate authority is at liberty to interfere with its . action. 14 Am. Jur. pp. 435-436. The foregoing principle was applied in *Haley* v. *Doochin* where there appeared to be a conflict of authority between two circuit courts in Davidson County, Tennessee, their jurisdiction being the same.

■ In response to appellants' contention the complainant, appellee, says that the chancery court first acquired jurisdiction of the matters now in controversy; that all parties were before the Chancellor in the divorce case and that the future status of the child continued to be within the jurisdiction of the chancery court.

We think the authority of the Chancellor to declare the rights of the parties in the divorce case, as well as the custody of the child, was such that he retained jurisdiction of every question relative to the welfare of said child. It was the chancery court that first acquired jurisdiction of the issue raised in the instant case. This child, Linda Anne, became a ward of the court, and the Chancellor's authority was supreme. No order of the county court would be controlling as against future orders and decrees of the chancery court as to the care and custody of this child. The argument is made, and we think it is sound, "Even if the defendants were permitted to proceed in the adoption case in the county court, the chancery court in the divorce case would not be ousted of its jurisdiction to determine new questions of custody."

■ Moreover Section 2 of the adoption statute of 1949 conferred upon chancery courts jurisdiction to authorize the adoption of children. The Chancellor had authority, under Code Section 8454, to determine the custody of minor children in divorce cases, and since his decree "shall remain within the control of the court" we think his right to enter an order of adoption was within his jursdiction; provided the future welfare of the child plainly required it, and all parties in interest were before the court with full opportunity to question it.

Counsel for appellants rely upon the case of *Young* v. *Smith,* Tenn. Sup., 231 S. W. (2d) 365, as controlling the case at bar. We disagree since in that case the child sought to be adopted was held to be an "abandoned child" who had "made a home for himself."

We think the Chancellor was correct in overruling the demurrer and his decree is affirmed. The cause is remanded for future orders and decrees not inconsistent with this opinion.

All concur.