SHIRLEY ANN FREMONT SUTTON, Plaintiff-in-Error,

*v.*

DAVID SUTTON, Defendant-in-Error.

417 S.W.2d 786.

(*Nashville*, December Term, 1966.)

Opinion filed August 9, 1967.

J. H. Reneau, III, Celina, for plaintiff in error.

Jacky Bellar, Carthage, and James W. Chamberlain, Lafayette, for defendant in error.

Mr. Justice Chattin delivered the opinion of the Court.

Plaintiff-in-error, Shirley Ann Fremont Sutton, filed a petition in the Circuit Court of Macon County, against David Sutton seeking a modification of a divorce decree entered by that court, wherein she was the defendant, and which decree awarded custody of their minor child to her husband, Billy Gregory Sutton. She was joined in the petition by her father, Jim Tom Fremont, and her mother, Virgie Fremont.

The petition alleged the Circuit Judge of Macon County entered a decree granting Billy Gregory Sutton, the original complainant, an absolute divorce from petitioner, Shirley Ann Fremont Sutton, and awarded custody of their minor son, James Gregory Sutton, to his father, on October 4, 1965.

It was alleged that subsequent to the divorce decree and on August 16, 1966, the father, Billy Gregory Sutton, was accidentally killed.

The petition further alleged prior to the death of the father he had left the child in the care of his brother, David Sutton, the defendant.

It was then alleged that since the death of Billy Gregory Sutton petitioner had endeavored to secure custody of her child from defendant, David Sutton, but he had refused to permit her to take the child and stated he and his wife intended to keep the child in their custody.

The prayer of the petition was for a modification of the divorce decree granting to petitioner the exclusive custody of the child, or, in the alternative, to her parents.

The defendant filed a demurrer to the petition on the ground the Circuit Court of Macon County did not have jurisdiction of the cause.

The trial judge sustained the demurrer. He was of the opinion the court lost jurisdiction of the matter by the death of the father.

Petitioner has appealed to this Court and has assigned as error the action of the trial judge in sustaining the demurrer.

We are of the opinion the assignment of error must be sustained.

T.C.A. Section 36-828 provides:

"In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit, or to some suitable person, as the welfare and interest of the child or children may demand, and the court may decree that suitable support be made by the father. Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require."

The effect of T.C.A. Section 36-820 and Section 36-828 is the Court which in a divorce, annulment or separate maintenance action awards custody and support of a child retains all decrees for custody and support within the control of the court to make such future changes or modifications as the exigencies of the case may require. *Cravens v. Cravens*, 30 Tenn.App. 487, 207 S.W.2d 593 (1942); *Davenport v. Davenport,* 178 Tenn. 517, 160 S.W.2d 406 (1942); *Coleman v. Coleman,* 190 Tenn. 286, 229 S.W.2d 341 (1950).

The exclusive jurisdiction of the question as to whom the custody of a child should be awarded is in the court wherein the divorce was granted and the custody of the child first awarded. *Coleman v. Coleman,* supra; *Johnson v. Johnson,* 185 Tenn. 400, 206 S.W.2d 400 (1947); *Williamson v. Laughlin,* 192 Tenn. 580, 241 S.W.2d 576 (1961).

Defendant, however, insists the cases above cited contemplate retention of the divorce decree during the lives

of both parents for the purpose of any future modification of an award of the custody of a child.

Defendant further insists the exclusive remedy of petitioner is by petition for the writ of habeas corpus. It is argued this State has recognized the majority rule prevailing in our sister states that the court of original jurisdiction does not retain jurisdiction to modify an award of custody after the death of one of the parents. In support of this insistence, defendant cites and relies upon the cases of *Stubblefield v. State ex rel. Fjelstad,* 171 Tenn. 580, 106 S.W.2d 558 (1937) ; and *State ex rel. Parker v. Parker,* 191 Tenn. 564, 235 S.W.2d 580 (1951).

We cannot agree. In the Stubblefield case, the mother and father of the child, Mary and Sidney Fjelstad lived in New York. Mrs. Fjelstad left her husband and went to Memphis on the pretext of visiting some relatives. She took the child, Diana, with her. Later she went to Arkansas and obtained a divorce and the custody of the child, Diana. She returned to Memphis and she and Diana lived with the great grandfather and great uncle of Diana, T. F. Stubblefield and Grover Stubblefield, respectively.

After the death of the mother, the father came to Memphis and filed a petition for the writ of habeas corpus for the custody and Diana against the Stubblefields. The petition was sustained and the custody of Diana was decreed to her father.

A decree of a court of another state granting a divorce and awarding custody of a child is binding on courts of this State; but, if the child is domiciled in this State and there is such change in circumstances surrounding the child since the divorce as would demand action on the part of a local court to protect the child, then juris-

diction is assumed by the courts of this State. *Kenner v. Kenner,* 139 Tenn. 211, 201 S.W. 779, L.R.A.1918E, 587, (1917).

In the Parker case, the parents were separated shortly after the birth of their son, James Reed Parker. Mrs. Parker and her son thereafter lived with her parents. Later Mrs. Parker became ill and the father came and took the child to the home of his paternal grandfather. Some time later the mother filed a petition for the writ of habeas corpus for the custody of the child.

It is clear a court of this State had not decreed the custody of the child in either the Stubblefield or Parker cases. Thus, the remedy of petitioner in each case was by a petition for the writ of habeas corpus.

In the instant case the divorce and custody of the child was decreed in the Circuit Court of Macon County.

The child, James Gregory Sutton, became the ward of the Court. That Court retained jurisdiction of every question relative to the welfare of the child. *Williamson v. Laughlin,* supra.

The form of a proceeding for a change of custody is not very material. A change of custody whether under a petition for the writ of habeas corpus or by a petition for a modification of the decree would necessarily work a modification of the original decree and for that reason it was proper to proceed in the divorce action. The death of the father could not defeat the jurisdiction of the court to make suitable provisions for the custody of the child as the exigencies of the case may require.

The petitioners, the defendant, David Sutton, and the child reside in Macon County.

█ We are of the opinion the Circuit Court of Macon County has jurisdiction of the parties and the subject matter and the proper remedy or proceeding is by a petition for the modification of the original decree.

The judgment of the trial court is reversed and the cause remanded for trial. The defendant, David Sutton, will pay the costs of the appeal. The costs below will await the final outcome of the trial.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.