**STATE of Tennessee ex rel. Charlene Denise BAKER, Appellee,**

v.

**Kenneth TURNER and the Juvenile Court of Memphis and Shelby County, Tennessee, Appellants.**

Court of Appeals of Tennessee, Western Section.

Sept. 9, 1977.

Certiorari Denied by Supreme Court Feb. 13, 1978.

**436** ■ ▬▬▬▬▬▬

J. Minor Tait, Jr., Asst. County Atty., Memphis, for appellants.

Warren Miller, Memphis, for appellee.

MATHERNE, Judge.

The issue is whether a chancery court which awarded custody of a minor in a divorce decree retained such jurisdiction over the minor as to prevent a hearing and a placement of the minor by a juvenile court under a petition in that court to have the child declared a "dependent and neglected" child.

The chancellor held that "this child is a ward of the Chancery Court and any adjudication as to the custody of said child by the Juvenile Court is an encroachment upon the jurisdiction of this court, as between the respective parents, or the parents and strangers."

I.

On December 21, 1972, the Chancery Court sitting in Shelby County, Tennessee granted Dellia Jane Baker a divorce from Charles Herbert Baker, Jr., and the custody of their minor child Charlene Denise Baker was awarded to the mother with visitation rights in the paternal grandfather. On July 18, 1976, the paternal grandfather and the father took the child to the Juvenile Court for Memphis and Shelby County, Tennessee and reported that the child was afraid to return to the mother's home because of beatings she had received from her mother. The next day the grandfather filed a petition in the Juvenile Court charging that the child was a dependent and neglected child. After interviewing the grandfather, the father and the father's girl friend, an employee of the Juvenile Court placed the child in a foster home pursuant to T.C.A. § 37–228.

The mother filed a petition for writ of habeas corpus in the Chancery Court, a fiat was issued and a hearing was had on September 1, 1976. The chancellor, in addition to the ruling heretofore noted, awarded custody of the child to the mother and ordered that:

[a]ll members of the family of Charles Herbert Baker, Jr., all agents, servants,

and employees, excepting Judge Kenneth Turner, of the Juvenile Court of Memphis and Shelby County, all agents, servants, and employees of the Tennessee Department of Human Services, and all other persons having any connection with this case, excepting counsel, are hereby enjoined from proceeding further with any proceeding regarding the custody of the minor child, Charlene Denise Baker, from interfering with the mother's custody of said minor child, from making any investigation into the fitness of said mother or reporting same to anyone except at the direction of this Court, and from interfering with the orders of this Court in this cause, all until the further order of the Court.

The chancellor certified that the judgment was final as to the respondents, the employees of the Juvenile Court of Memphis and Shelby County, Tennessee, and the employees of the Tennessee Department of Human Services and that there was no just reason to delay an appeal by those parties.

By order dated September 17, 1976, the chancellor made various rulings on child support payments and attorney's fees, awarded "exclusive" custody of the child to the mother and dissolved the injunction as against the employees of the Juvenile Court and the Tennessee Department of Human Services.

 The appellee filed a motion in this Court to dismiss this appeal because the dissolution of the injunction rendered all issues moot. We disagree with that argument because the crucial question presented is whether the juvenile court has jurisdiction to hear and determine the petition charging that the child is dependent and neglected. The motion to dismiss this appeal is overruled.

## II.

The jurisdiction of a juvenile court is set out in T.C.A. § 37–203, as follows:

*Jurisdiction*—(a) The juvenile court has exclusive original jurisdiction of the following proceedings, which are governed by this chapter:

(1) Proceedings in which a child is alleged to be delinquent, unruly, or dependent and neglected * * *.

 A chancery court has inherent jurisdiction of the persons and estates of minors, and jurisdiction to award custody in divorce proceedings. *Marmino v. Marmino* (1951), 34 Tenn.App. 352, 238 S.W.2d 105. The jurisdiction of the chancery court over the custody and support of the minor children of the parties to a divorce action continues and the decree may, in those respects, be changed or modified as the exigencies of the case may require. *Cravens v. Cravens* (1948) 30 Tenn.App. 487, 207 S.W.2d 593; *Sutton v. Sutton* (1967), 220 Tenn. 410, 417 S.W.2d 786.

This apparent conflict in the jurisdiction of the respective courts has been considered and decided by the courts of Tennessee.

In *Marmino v. Marmino, supra,* the Court held that while a chancery court has inherent jurisdiction of the persons and estates of minors, the State of Tennessee acting as *parens patriae* has conferred upon juvenile courts the special, exclusive jurisdiction to determine custody of a "dependent" or "delinquent" minor, because custody is necessarily involved when either of those conditions exist. The parties to such proceedings are the State against the minor and the parents, or other persons having custody. The *Marmino* court summarized, as follows:

We think it a sound and simple view that the Chancery Court never loses jurisdiction of the question of custody, that is, the subject matter as part of a divorce proceeding, but the right and power to exercise that jurisdiction upon the person of the minor may be suspended temporarily or permanently either prior to or after the inception of the divorce case by reason of the exercise by the Juvenile Court of the special, exclusive jurisdiction conferred on it to determine whether the minor is "dependent" or "delinquent," as defined by the Statute and hence necessarily to determine custody.

In *Kidd v. State* (1960) 207 Tenn. 244, 338 S.W.2d 621, the parents were divorced in 1954 and custody of their minor child was

awarded to the mother. In 1955 a petition was filed in juvenile court charging that the child was "dependent and neglected." The juvenile court removed the child from the custody of the mother. The Supreme Court, citing *Marmino*, affirmed on the ground that the juvenile court had special and exclusive jurisdiction under a petition charging dependency and neglect.

We therefore hold that the juvenile court in the instant lawsuit has exclusive jurisdiction to hear and determine the petition which charges that the child is dependent and neglected. As a corollary to that jurisdiction that court may award custody in a manner different from that formerly decreed by the chancery court in the divorce decree. Any party aggrieved by the action of the juvenile court may appeal to the circuit court. T.C.A. § 37–258.

The decree of the chancellor is reversed and the costs in the chancery court and in this Court relative to the issue of jurisdiction are adjudged against the petitioner-appellee.

CARNEY, P. J., concurs.

NEARN, J., dissents.

NEARN, Judge, dissenting.

I must dissent as I feel the issue is moot and the majority Opinion therefore dicta.

Neither parent, grandparent, nor child appeals. Evidently those with real flesh and blood interests are content with the Chancellor's decree. It is only the County and its official that appeals. In his brief counsel for petitioner prays:

(a) That the decree of the Chancellor be reversed, and (b) that this Court declare and decree that the Juvenile Court has original and exclusive jurisdiction to hear and decide a petition which alleges that a child is a dependent and neglected child within the meaning of the law of the State of Tennessee even though said child is a ward of Chancery Court by virtue of a prior divorce proceeding; and (c) that this Court declare and decree that the Juvenile Court of Memphis and Shelby County, Tennessee has jurisdiction to hear and decide the petition pending in said Court alleging that Charlene Denise Baker, is a dependent and neglected child without further interference by the Chancery Court of Shelby County, Tennessee.

As to (a), the decree complained of is the one which enjoined employees of the Juvenile Court and of the Tennessee Department of Human Services from proceeding. That injunction was dissolved by the Chancellor. Why should this Court consider the efficacy of the injunction when it no longer exists and no one is affected by it? By prayer (b) counsel for appellants tips his hand; for, by its wording, he seeks to have this Court make a sweeping pronouncement *in futuro* when the issue is not now before us. As to prayer (c), I do not know what is stopping appellants from hearing whatever petitions they want to hear and decide. There is no injunction prohibiting such hearing. If one should be issued by another Court and remain in effect a justiciable issue would be presented to us; but not until then. Perhaps appellants have not proceeded in the Juvenile Court because neither parents nor grandparents nor anyone else feels the child is now dependent and neglected.

I would dismiss.