R.L. McELHANEY and Marjorie McElhaney, Appellants,

v.

Hershel B. CHIPMAN and Irene S. Chipman, Appellees.

In re Custody of Chad Jason CHIPMAN and Gannon Sanford Chipman.

Court of Appeals of Tennessee, Western Section.

Oct. 19, 1982.

Application for Permission to Appeal Denied by Supreme Court March 14, 1983.

James E. Causey, Memphis, for appellants.

Roger G. Millar, Ripley, for appellees.

CRAWFORD, Judge.

This case involves the sensitive issue of the award of custody to the paternal grandparents of two minor children whose parents were killed in an automobile accident. The children's maternal grandparents have appealed the Trial Court's dismissal of their motion to dismiss for lack of jurisdiction.

Charles S. Chipman and Vicki McElhaney Chipman, husband and wife, were residents of Memphis, Shelby County, Tennessee and died as a result of injuries received in an automobile accident which occurred on July 21, 1980. The Chipmans were survived by two minor children, Chad Jason Chipman and Gannon Sanford Chipman, who were six and nine years old respectively at the time of the accident. Mr. and Mrs. Chipman were also survived by their respective parents, the grandparents of the two minor children. The paternal grandparents, the Chipmans, are residents of Ripley, Lauderdale County, Tennessee, and the maternal grandparents, the McElhaneys, are residents of Memphis, Shelby County, Tennessee.

On August 12, 1980, the Chipmans filed a "Petition for Temporary Custody and for a

Hearing for Permanent Custody" concerning the two children in the Chancery Court of Lauderdale County, Tennessee. While the petition prayed, among other things, "that all proper process issue to those persons who may be interested in this case," no summons was issued, no service was obtained, and no appearance was made by anyone other than the original petitioners. On this same date, an order was entered appointing an *attorney* [sic] *ad-litem,* but no pleading was ever filed by this appointee. Also, on the same day, an order was entered awarding temporary custody of both of said minor children to the petitioners.

On September 29, 1980, the maternal grandparents, the McElhaneys, filed a motion to dismiss in which they asked the Court to set aside the previous order granting custody of the children to the Chipmans. The affidavit of R.L. McElhaney and Marjorie McElhaney was filed in support of the motion, and it supplies the essential facts concerning the residences of the deceased and the various parties involved.

The affidavit asserted: that the deceased Chipmans were residents of Shelby County, Tennessee, and were purchasing a home in Shelby County, Tennessee; that both children resided with the parents; that Mr. Chipman was engaged in business in Shelby County, Tennessee; that both children were injured in the accident which resulted in the deaths of their parents; that Chad, the youngest child, was released from LeBonheur Hospital on or about July 31, 1980; and that Gannon, at the time of the filing of the motion, was still confined to LeBonheur Hospital in Memphis, Tennessee.

The affidavit further asserted that there was an agreement among all the grandparents concerning the care, custody and control of the minors and that the petition was filed in violation of the agreement and without any knowledge on the part of the McElhaneys that such action was going to be taken. The affidavit further claimed that the estates of both of the deceased were being administered in the Probate Court of Shelby County, Tennessee.

Although this petition was filed September 29, 1980, the record indicates that a hearing on the motion was probably held on November 16, 1981. However, the order of the court overruling the motion was not entered until April 19, 1982, and the Notice of Appeal was timely filed on May 4, 1982, by the McElhaneys.

The appellants, the McElhaneys, rely on certain sections of Tennessee's Child Custody Jurisdiction Act, Tenn.Code Ann. § 36–1301 *et seq.* (Cum.Supp.1982). This reliance is misplaced as the Act was designed and intended to resolve custody disputes involving parties in different states, not different counties. Tenn.Code Ann. § 36–1301 (Cum. Supp.1982). Therefore, the court must look to general principles relating to venue and jurisdiction. This court, for the reasons hereinafter set out, finds that proper venue for this action was Shelby County, Tennessee, but, more importantly, we find that the Chancery Court of Lauderdale County, Tennessee, did not have jurisdiction to hear this dispute.

■ The domicile for a minor child is controlled by his parents, or by the person who is charged with the legal care and custody of him.

■ In Tennessee, the courts recognize that a person retains his current domicile until he establishes a new one. *Coke v. Coke,* 560 S.W.2d 631, 633 (Tenn.Ct.App. 1977). As minors, neither Chad nor Gannon Chipman had the capacity to change their domiciles on their own. *Allen v. Thomason,* 30 Tenn. 536, 537 (1851).

Although authority exists for the proposition that a natural guardian of an orphaned child, such as a grandparent, may determine and control the domicile of a minor child after the death of his parents (where the change is not made for the purpose of perpetrating a fraud or other wrong), 25 Am.Jur.2d *Domicile* § 72 (1966), no authority for this theory exists in the reported decisions in Tennessee. On the contrary, the Tennessee authority supports the thesis that in order to change a minor orphan's domicile, a judicial proceeding of some form

in a court of competent jurisdiction is required. At the very least, the Tennessee authority suggests that a minor's domicile cannot be changed simply by the grandparents' acquisition of mere physical possession of the minor. *See Woodward v. Woodward,* 87 Tenn. 644, 657–658, 11 S.W. 892 (1889) ("With us it has been held that a regular guardian cannot change ward's domicile, and of course the minor himself cannot change it."); *see also,* Tenn.Code Ann. § 37–202(17) (Cum.Supp.1982) (". . . 'Custody' as herein defined, relates to those rights and responsibilities as exercised either by the parents or by a person or organization granted custody *by a court of competent jurisdiction.* . . . 'Custody' shall not exist by virtue of mere physical possession of the child.") (emphasis added).

 Proper venue for matters involving these minors domiciled in Shelby County, Tennessee, was Shelby County, Tennessee until such time as it was legally changed. *See State ex rel. Logan v. Graper,* 155 Tenn. 565, 4 S.W.2d 955 (1927). This improper venue was not waived by the minors. More importantly, it is apparent that the Chancery Court of Lauderdale County, Tennessee, did not acquire jurisdiction in this case because there was neither service of process on any party nor was there an appearance by any party other than the petitioners.

It is apparent to the court, due to the lapse of time since the unfortunate death of the parents of the children, that the children are being cared for by one or both sets of grandparents. In all probability, proceedings will be instituted in the proper court to establish custody and to appoint guardians for the estates of the minors. In any event, the action of this court will leave all parties in the position they occupied before the filing of the petition on August 12, 1980.

The case is reversed, and the petition dismissed.

Costs are adjudged against the appellees, the Chipmans, for which execution may issue if necessary.

NEARN, P.J. (W.S.), and TOMLIN, J., concur.