In the Matter of Jacob Bryan TATE, a minor, and Kimberly Dianne Rowland, Guardian.

Kimberly Dianne ROWLAND, Guardian,

v.

Harold TATE and Sarah Tate, Defendants–Appellants.

Harold B. TATE, Jr., and Wife, Sarah Tate, Parents of Jeffrey Bryan Tate (Deceased), Plaintiffs–Appellees,

v.

Kimberly Dianne ROWLAND, Defendant–Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 4, 1990.

Permission to Appeal Denied by Supreme Court Sept. 24, 1990.

619

George H. Cate, Jr., Nashville, William R. Wright, Leah May Dennen, Hendersonville, for Harold and Sarah Tate.

Phillip North, A. Gregory Ramos, Nashville, for Kimberly Dianne Rowland.

## OPINION

TODD, Presiding Judge.

These consolidated cases decided by separate courts in separate counties involve the identically same parties and issue, the visitation of grandparents with their five year old grandson. Each Trial Court determined that it had jurisdiction and each granted an interlocutory appeal which has been accepted by this Court.

On April 22, 1986, Jeffrey Bryan Tate and Kimberly Dianne Tate were divorced by decree of the Circuit Court of Sumner County, which decree provided:

It further appears to the Court that the parties have entered into a Property Settlement Agreement, and it is, therefore, ORDERED that said Property Settlement Agreement be and is hereby made a part of this Final Decree of Divorce in its entirety:

The property settlement made a part of the decree provided:

4. CUSTODY AND VISITATION. The parties have one minor child, Jacob Brian Tate, 18 months of age. The Wife shall have custody of the minor child with the Husband claiming the child as a dependent for income tax purposes. The Husband and his parents shall be entitled to liberal and reasonable visitation.

On May 7, 1988, Jeffrey Bryan Tate, father of Jacob Bryan Tate, lost his life in an automobile accident.

On May 25, 1988, Harold Tate, father of deceased, qualified as administrator of the estate of deceased in the Probate Court of Sumner County.

On August 3, 1988, Kimberly Dianne Rowland filed a petition in the Probate Court of Sumner County stating that she was the mother of Jacob Bryan Tate (then 4 years of age), that she was divorced from his father on April 22, 1986, that she was "subsequently" (date not mentioned) married to John Rowland and that the natural father died on May 7, 1988. The petition further alleged that the minor child would receive an estate as the result of the death of his father, and that petitioner's address was Cottontown (Sumner County) Tennessee. The petition prayed that petitioner be named guardian of the person and estate of the minor child.

On the same date, August 3, 1988, the Probate Court of Sumner County entered an order designating Kimberly Dianne Rowland guardian of the person and estate of Jacob Bryan Tate.

On November 17, 1988, Kimberly Dianne Rowland filed in Probate Court of Davidson County, Tennessee, an "Application for Letters of Guardianship", stating that her residence was Brentwood, Tennessee, that she had previously been appointed guardian in Sumner County, and that she had moved to Davidson County and "seeks to establish the guardianship in Davidson County, Tennessee."

On November 22, 1988, an order was entered by the Davidson County Probate Court approving a transfer of the guardianship from Sumner County to Davidson County and ordering the Clerk to issue letters of guardianship to Kimberly Dianne Rowland as soon as the Sumner County guardianship had been terminated or transferred.

On November 22, 1988, letters of guardianship were issued to the petitioner by the Davidson County Probate Clerk.

On November 30, 1988, Kimberly Dianne Rowland filed a motion in the Probate Court of Sumner County stating that she had moved her residency and that of the minor child to Davidson County and moved the Court:

> to dismiss this guardianship proceeding and to order the transfer of this guardianship to the Probate Court of Davidson County, Tennessee.

On November 30, 1988, the Sumner County Probate Court entered an order transferring the guardianship proceedings to the Davidson County Probate Court.

On March 30, 1989, Kimberly Dianne Rowland filed in Probate Court of Davidson County a "Petition for Declaratory Judgment" under the following caption:

IN THE MATTER OF:
JACOB BRYAN TATE, A MINOR and
KIMBERLY DIANNE ROWLAND,
Guardian

----------------

KIMBERLY DIANNE ROWLAND,
Guardian
Petitioner,
vs.
HAROLD TATE and SARAH TATE,
Respondent.
No. 98106

The petition states that both Jacob Bryan Tate and Kimberly Dianne Rowland are domiciled in Davidson County, but does not state the duration of such domicile. The petition further states:

> Petitioner would show the Court that T.C.A. 36-6-301 provides in pertinent part as follows:
> 36-6-301. Grandparents' Visitation Rights.—(a) the natural or legal grandparents of an unmarried minor child may be granted reasonable visitation rights to the child during its minority by a court of competent jurisdiction

upon a finding that such visitation rights would be in the best interest of the minor child ...

This statute was in full force and in effect at the time of the death of Jeffrey Tate.

Prior to the death of Jeffrey Tate, Kimberly Dianne Rowland was divorced from Jeffrey Tate and she was awarded custody of her minor son. Subsequent to the death of Jeffrey Tate, the grandparents of the minor involved in this guardianship have asserted visitation rights.

Petitioner avers that the amount of visitation sought by the natural grandparents would require the child to spend an unreasonable amount of time with the natural grandparents so as not to be in the minor's best interest. Petitioner further asserts that a bona fide dispute has arisen between her as the guardian and natural mother of the minor involved in this guardianship and the minor's natural grandparents. The petitioner respectfully asks the Court to conduct a hearing and render a declaratory judgment as to the reasonable visitation rights of the natural grandparents under the facts and circumstances of this case.

Wherefore petitioner prays as follows:

.        .        .        .        .

That the Court render a declaratory judgment determining reasonable visitation rights of the natural grandparents in this cause consistent with the best interest of the minor child....

On the same date, March 30, 1989, Kimberly Dianne Rowland (without joinder of her husband) filed a petition in Davidson County Probate Court requesting that the name of Jacob Bryan Tate be changed to Jacob Bryan Rowland.

On April 7, 1989, an order was entered by the Davidson County Probate Court changing the name of Jacob Bryan Tate to Jacob Bryan Rowland.

On April 28, 1989, Harold and Sarah Tate moved to dismiss the Petition for Declaratory Judgment on grounds of improper venue.

On May 4, 1989, Kimberly Dianne Rowland filed a response to the motion to dismiss.

The motion was heard on May 5, 1989, and taken under consideration by the Probate Court of Davidson County.

On June 7, 1989, Harold and Sarah Tate, grandparents of Jeffrey Bryan Tate, filed in the divorce proceeding in Sumner County a "Petition for Joint Custody and to Set Specific Visitation Privileges".

On the face of said petition the Sumner County Circuit Judge signed an undated fiat setting a hearing on July 14, 1989, for

"Respondent to show cause why Petitioners should not have relief prayed for."

On July 10, 1989, the Davidson County Probate Court entered an order overruling the motion to dismiss for improper venue.

On the same date, July 10, 1989, Kimberly Dianne Rowland moved the Sumner County Circuit Court to dismiss the petition of the Tates for joint custody and specific visitation rights.

On July 18, 1989, the Probate Court of Davidson County entered an order suspending all visitation of Harold and Sarah Tate with the minor child and, on July 19, 1989, the Probate Court entered an order, reiterating the July 18, 1989, order and granting permission to appeal from the previous order entered on July 10, 1989, overruling the Tates' motion to dismiss. It does not appear that the Probate Court granted permission to appeal from the July 18, 1989 or July 19, 1989, orders suspending all visitation. However, the order entered by this Court on August 23, 1989, granted the Tates' application for permission to appeal from orders entered on July 10, 1989, and July 18, 1989. Since there is no Trial Court permission to appeal from the July 18 or 19, 1989, orders, the action of this Court in regard to the order of July 18, 1989, will be treated as a grant of extra-ordinary (T.R. A.P. Rule 9) appeal from the July 18, 1989 and July 19, 1989 orders.

On July 19, 1989, a Special Judge of the Circuit Court of Sumner County entered an order granting temporary specific visitation

to the grandparents from 6 p.m. Friday until 6 p.m. Sunday on the first and third weekend of each month.

On July 25, 1989, the same Special Judge of Sumner County Circuit Court entered an order overruling the motion of Kimberly Dianne Rowland to dismiss the petition of the Tates for joint custody and specific visitation rights. The Trial Court and this Court granted permission to appeal from this order.

■ The application of the mother for a declaratory judgment in Davidson County was based upon the wording of T.C.A. § 36–6–301 that grandparents *may* be granted visitation rights by a "court of competent jurisdiction". It is insisted that the Probate Court having supervision of the personal guardianship of the child in the county of the residence of the child is a "court of competent jurisdiction" and that it therefore has jurisdiction of the pending application for declaratory judgment.

■ The word "may" in the statute does not confer exclusive jurisdiction upon any court nor does it expressly or by implication divest exclusion jurisdiction conferred upon any court by express statutory provision.

T.C.A. § 36–6–101(a) and (b) provides as follows:

36–6–101. Decree for custody and support of child—Enforcement—Juvenile court jurisdiction—Presumption of parental fitness.—(a) In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit or to both parties in the instance of joint custody or shared parenting, or to some suitable person, as the welfare and interest of the child or children may demand, and the court may decree that suitable support be made by the natural parents or those who stand in the place of the natural parents by adoption. *Such decree shall remain within the control of the court* and be subject to such changes or modification as the exigencies of the case may require.

(b) Notwithstanding any provision of this section to the contrary, the party, or parties, or other person awarded custody and control of such child or children shall be entitled to enforce the provisions of the court's decree concerning the suitable support of such child or children in the appropriate court of any county in this state in which such child or children reside, provided such court shall have divorce jurisdiction, if service of process is effectuated upon the obligor within this state. Provided, however, *jurisdiction to modify or alter such decree shall remain in the exclusive control of the court which issues such decree.* (emphasis supplied)

The emphasized portion of the foregoing statute confers exclusive jurisdiction of the custody of Jacob Bryan Tate upon the Circuit Court of Sumner County which entered the divorce and custody decree.

The mother insists that, since the grandparents were not parties to the divorce proceeding, their rights to visitation are not included in the exclusive control of the divorce court over modification of the divorce decree in respect to custody. This Court cannot agree that visitation is separable from custody. Of course, the narrow meaning of visitation would be a visit to the home of the custodian to see the child in the home of the custodian. However, even in this narrow meaning, the allowance of such visitation would be subject to the control of the custodial court over the treatment and care of the child by the custodian.

■ In its generally accepted and utilized meaning, visitation implies a brief custody by the visiting relative. In this sense, the visitation involves a brief exclusive custody which must be subject to the exclusive control of the divorce court.

In *Kane v. Kane*, Tenn.1977, 547 S.W.2d 559, the parties were divorced in Robertson County, apparently without objection, although they resided in Davidson County. The wife sued in Davidson County to ac-

quire custody of a child awarded to the husband by the Robertson County Court. The Supreme Court held that the Robertson County Court had exclusive jurisdiction and affirmed the dismissal of the Davidson County suit.

In *Jarvis v. Jarvis,* Tenn.App.1983, 664 S.W.2d 694, the divorce decree was entered in Hamilton County Court. The wife filed a petition in County Court to enforce the support provisions of the decree, which petition was heard and disposed of by the Circuit Court after the abolishment of the Hamilton County Court. This Court affirmed the assumption of jurisdiction by the Circuit Court acting in lieu of the abolished court.

In *Sutton v. Sutton,* 220 Tenn. 410, 417 S.W.2d 786 (1967), the parents were divorced, and custody of a minor child was awarded to the father by the Circuit Court of Macon County in 1965. In 1966, the father was accidentally killed. The mother filed a petition in Macon County Circuit Court for custody of the child. The trial judge sustained a demurrer and dismissed on the ground that the divorce court lost jurisdiction of custody upon the death of the father. The Supreme Court reversed, remanded for trial, quoted T.C.A. § 36–828 (now 36–6–101, supra) and said:

> The effect of T.C.A. § 36–820 and § 36–828 is the Court which in a divorce, annulment or separate maintenance action awards custody and support of a child retains all decrees for custody and support within the control of the court to make such future changes or modifications as the exigencies of the case may require. *Cravens v. Cravens,* 30 Tenn. App. 487, 207 S.W.2d 593 [1947]; *Davenport v. Davenport,* 178 Tenn. 517, 160 S.W.2d 406 (1942); *Coleman v. Coleman,* 190 Tenn. 286, 229 S.W.2d 341 (1950).
>
> The exclusive jurisdiction of the question as to whom the custody of a child should be awarded is in the court wherein the divorce was granted and the custody of the child first awarded. *Coleman v. Coleman,* supra; *Johnson v. Johnson,* 185 Tenn. 400, 206 S.W.2d 400 (1947);

*Williamson v. Laughlin,* 192 Tenn. 580, 241 S.W.2d 576 (1961).

Defendant, however, insists the cases above cited contemplate retention of the divorce decree during the lives of both parents for the purpose of any future modification of an award of the custody of a child.

. . . . .

A decree of a court of another state granting a divorce and awarding custody of a child is binding on courts of this State; but, if the child is domiciled in this State and there is such change in circumstances surrounding the child since the divorce as would demand action on the part of a local court to protect the child, then jurisdiction is assumed by the courts of this State. *Kenner v. Kenner,* 139 Tenn. 211, 201 S.W. 779, L.R.A. 1918E, 587 (1917).

. . . . . .

In the instant case the divorce and custody of the child was decreed in the Circuit Court of Macon County.

> *The child,* James Gregory Sutton, *became the ward of the Court. That Court retained jurisdiction of every question relative to the welfare of the child. Williamson v. Laughlin, supra.*
>
> The form of a proceeding for a change of custody is not very material. A change of custody whether under a petition for the writ of habeas corpus or by a petition for a modification of the decree would necessarily work a modification of the original decree and for that reason it was proper to proceed in the divorce action. The death of the father could not defeat the jurisdiction of the court to make suitable provisions for the custody of the child as the exigencies of the case may require.

. . . . .

We are of the opinion the Circuit Court of Macon County has jurisdiction of the parties and the subject matter and the proper remedy or proceeding is by a petition for the modification of the original decree. 220 Tenn. at 413–416, 417 S.W.2d 786. (emphasis supplied)

In *Luke v. Luke*, Tenn.1983, 651 S.W.2d 219, the parents were divorced in Florida in 1976, and custody of a minor daughter was awarded to the mother with "liberal and reasonable visitation rights to the father." The father moved to Georgia and later to Alabama. The mother and daughter moved to Tennessee. The distance from the residence of the mother to that of the father was 535 miles. The father sued in Tennessee to obtain visitation which was allowed within Tennessee. Visitation outside Tennessee was refused, and the father appealed. The Supreme Court modified to allow limited visitation with the father in Alabama. This case is not regarded as authority for bifurcating issues of custody and visitation so as to dislodge the exclusive supervision of custody by the divorce court. Although the subject is not discussed in the opinion, it is apparent authority for the exception mentioned in *Sutton*, above, for "domicile in a state other than the jurisdiction of the divorce and circumstances demanding action to protect the child". In the present case there is neither distance nor urgency to oust the jurisdiction of the divorce court.

The mother relies upon the language of *Luke* as follows:

We must stress that this was not a custody hearing but a visitation hearing. We are not asked to terminate a mother's custody of her child, but merely to grant the father visitation privileges with his daughter. . . . 651 S.W.2d at 221.

These words were not written in the context of a jurisdictional issue, but in the discussion of the disposition of the case and its emotional effect upon the parties. The Court, in effect, said: "This is not a tragedy to the mother, for we are not depriving her of the company of her child except for a few days."

■ The mother asserts that T.C.A. § 36–6–301 created a separate and distinct cause of action (visitation rights of grandparents) which "can" be ruled upon by a court other than the court controlling custody. This Court cannot agree. Absent the existence of the exceptional circumstances recognized in *Luke v. Luke*, supra, or specific statutory provision of jurisdiction in a particular court, the "court of competent jurisdiction" mentioned in § 36–6–301 is the same court mentioned in § 36–6–101(b) as follows:

Provided, however, jurisdiction to modify or alter such decree shall remain in the exclusive control of the Court which issued such decree.

■ In the present case the "decree" not only provided for custody, it specifically provided for grandparents visitation. The Court entering that decree retained exclusive jurisdiction to modify or alter such decree. "Exclusive jurisdiction" precludes co-existence, and means possessed to the exclusion of others. *Black's Law Dictionary Fourth Edition*, p. 673.

■ No issue is made as to the jurisdiction of the Probate Court to decree to the mother the guardianship of the *person* of the child. The reason for this is that the mother was the recipient of both custody (by the divorce court) and guardianship of the person (by the Probate Court), therefore, the issue is at present moot. Since the issue is not raised and is moot at the present time, it will not be decided in this appeal, and the failure to rule upon the issue should not be construed as the approval of this Court of the procedure of a probate court granting guardianship of the person of a child whose custody is in the exclusive control of a divorce court.

The mother cites *McElhaney v. Chipman*, Tenn.App.1982, 647 S.W.2d 643, in which the issue was venue, i.e., the proper geographical location of a guardianship proceeding. Nothing is found in the opinion to indicate that a previous custody order had been entered in a divorce proceeding as in the present case.

■ The mother argues that, since both courts had jurisdiction of the subject matter, the court first acquiring jurisdiction of the parties and dispute thereby acquired exclusive jurisdiction. The premise of the argument is unsound. Where jurisdiction is exclusive, there can be no concurrent jurisdiction. In the present case, the jurisdiction of the Sumner County Circuit Court was and is exclusive.

Finally, the mother insists that the grandparents have no standing to assert the jurisdiction of the Sumner County Circuit Court because they were not parties to the divorce action in that Court. Statutory jurisdiction of a court to supervise and control the custodial welfare of a minor child is not to be so lightly ignored. The divorce court retains control of the issue of custody of this child so long as it is a minor. Lack of standing does not divest the divorce court of this statutory power, or transfer it to another court.

The removal of a minor child to another county does not divest the divorce court of its continuing and exclusive power and duty to supervise the custody and welfare of the child. Neither does the appointment of a guardian of the person or property of the child divest or supersede the statutory authority of the divorce court.

The order entered by the Davidson County Probate Court on July 10, 1989, overruling the motion of Harold and Sarah Tate to dismiss the Petition for Declaratory Judgment is reversed, and said petition is dismissed at the cost of the petitioner.

The orders entered by the Davidson County Probate Court on July 18, 1989, and July 19, 1989, restraining visitation with the minor child are reversed, vacated and set aside.

The order entered by the Circuit Court of Sumner County on July 25, 1989; overruling the motion to dismiss the petition of Harold and Sarah Tate is affirmed.

Costs of each of these appeals are taxed against Kimberly Diane (Dianne) Tate (Rowland).

The cause pending before the Circuit Court of Sumner County is remanded to that Court for further proceedings.

Davidson County orders reversed.

Sumner County order affirmed.

Remanded.

CANTRELL, J., and WILLIAM H. INMAN, Special Judge, concur.