**Billy Ray KUYKENDALL,
Respondent–Appellant,**

v.

**Esta Mae Kuykendall WHEELER,
Petitioner–Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Dec. 5, 1994.

J. Ronnie Greer, Greeneville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Stuart F. Wilson–Patton, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

BIRCH, Justice.

The Court of Appeals affirmed the trial court's order that required Billy Ray Kuykendall, the appellant, to satisfy a judgment for child support arrearage by installment payments. This ruling was made despite the fact that Kuykendall's child support obligation had been terminated by the trial court

on January 8, 1990, approximately eighteen months before entry of the installment order.

We accepted the Rule 11, Tenn.R.App.P. application filed by the appellant in order to determine whether the trial court may enforce its judgment for arrearage by ordering the judgment obligor to pay the judgment by installments after the subject children have attained majority. We find that after the children have reached majority, a judgment for arrearage may not be enforced through an order for installment payments.

I

The facts in this case are few and undisputed. The record establishes that Billy Ray Kuykendall and Esta Mae Kuykendall[1] were married on May 4, 1962, in Greene County. Three children were born to them: Lorie Ann (born July 9, 1964), Billy Ray, Jr. (born October 7, 1966), and Angela Gale (born September 28, 1971).

Pursuant to a divorce decree entered May 8, 1980, Wheeler was awarded custody of the three children. For their support, Kuykendall was ordered to pay a total of $40 weekly. Over the years, Wheeler has filed several contempt petitions alleging Kuykendall's failure to comply with the child support order. On January 8, 1990, the trial court found Kuykendall to be $7,705.56 in arrears and entered judgment against him for that amount. The order recited that the minor children had reached majority and "no current support is due." On June 6, 1992, the trial court considered the State's[2] petition for extraordinary relief and ordered Kuykendall to pay the $7,705.56 in monthly installments of $60. Kuykendall chiefly contends that the trial court lacked the authority to enforce payment of the arrearage judgment by installments, considering the circumstances here presented. Specifically, he asserts that the arrearage judgment is enforceable only by the standard methods used to enforce other money judgments; he insists

that an order for installment payments is not among those standard methods.

II

The trial court's authority to enter the 1980 order for child support is not questioned. Tenn.Code Ann. § 36–5–101(a)(1) (1980). Unquestioned also is the trial court's continuing authority regarding child support for as long as the children are minors. *Sutton v. Sutton*, 220 Tenn. 410, 417 S.W.2d 786 (1967). Under this authority, the trial court could, while the children were minors, order installment payments and enforce this order by contempt proceedings. Tenn.Code Ann. § 36–5–101(a)(2) (1991 & Supp.1994); *Sowell v. Sowell*, 493 S.W.2d 86, 87 (Tenn.1973); *Penland v. Penland*, 521 S.W.2d 222, 224 (Tenn.1975).

The crucial question, however, is whether this authority survives the childrens' majority to the extent that the trial court may enforce a prior judgment for support arrearage by ordering it to be paid by installments.

Prior to July 1, 1994,[3] after a child reaches the age of eighteen the accrued support was enforceable only as a money judgment. The fact that a child has reached the age of eighteen does not relieve a parent from liability based upon unpaid child support payments. The prevailing view is that accrued child support payments take on the form of a debt and become enforceable as money judgments even though the obligation to support the child is over.

In Tennessee, money judgments are enforceable by execution, garnishment, and judgment liens. Tenn.Code Ann. § 26–1–103 (1980); John C. Baugh, *Enforcement of Judgments in Tennessee*, 22 Tenn.L.Rev. 873 (1953); Lonnie C. Rich, *Enforcing Money Judgments in Tennessee*, 4 Mem.St.Univ. L.Rev. 65 (1978). If the judgment creditor is unable to collect the judgment by legal exe-

---

**1.** Ms. Kuykendall is now Ms. Wheeler, and we will refer to her hereafter as such.

**2.** The State filed a petition on behalf of Wheeler pursuant to Tenn.Code Ann. § 36–5–101 *et seq.* (1991 & Supp.1994).

**3.** On July 1, 1994, the new law became effective. This law is discussed later in the opinion.

cution or garnishment, then the creditor may seek the aid of the chancery court. Tenn. Code Ann. § 16–11–104 (1994). The chancery court has the power to subject the property of the judgment debtor which cannot be reached by legal execution to satisfaction of the judgment. Gibson's Suits in Chancery § 456 (7th ed. 1988). However, the chancery court has no authority to order a judgment debtor, upon motion of the judgment creditor, to make payments in installments out of the income which he receives. John C. Baugh, *Enforcement of Judgments in Tennessee*, 22 Tenn.L.Rev. 873 (1953).[4] Thus, we hold that the trial court erred in ordering Kuykendall to pay the arrearage judgment by means of installment payments.

■ Our holding does not restrict the power of the trial court to enforce its orders and decrees, for its inherent power to do so assuredly remains intact. Tenn.Code Ann. § 21–1–804 (1994); *Clinchfield Stone Co. v. Stone*, 36 Tenn.App. 252, 254 S.W.2d 8 (1952); Gibson's Suits in Chancery § 300 (7th ed. 1988). However, in exercising this power, the trial court, as always, must use only those means which have been granted by the legislature or common law tradition. In this case we find that when enforcing a money judgment, trial courts have the power to issue an installment payment order only upon motion of the judgment debtor or by agreement. *See* Tenn.Code Ann. § 16–11–104 (1994); Gibson's Suits in Chancery § 456 (7th ed. 1988).

### III

■ On April 21, 1994, the legislature enacted House Bill no. 2526, substituted for Senate Bill no. 2805, now codified. This legislation, among other things, added subsection (k) to Tenn.Code Ann. § 36–5–101, which now provides for the survival of a child support arrearage judgment beyond its usual termination and for its collection by extraor-

dinary means. This legislation became effective July 1, 1994.

We must now consider whether this statute has retroactive effect. Tenn.Code Ann. § 36–5–101(k) provides:

Absent a court order to the contrary, if an arrearage for child support or fees due as court costs exist at the time an order for child support would otherwise terminate, the order of support or any then existing income withholding arrangement and all amounts ordered for payment of current support or arrears, including any arrears due for court costs, shall continue in effect in an amount equal to the then existing support order or income withholding arrangement until the arrearage and costs due are satisfied and the court may enforce all orders for such arrearages by contempt.

■ Whether a statute applies retroactively depends on whether its character is "substantive" or "procedural." If "substantive," it is not applied retroactively because to do so would "disturb a vested right or contractual obligation." *Saylors v. Riggsbee*, 544 S.W.2d 609, 610 (Tenn.1976). On the other hand, "[r]emedial or procedural statutes apply retrospectively not only to causes of action arising before such acts become law, but also to all suits pending when the legislation takes effect, unless the legislature indicates that a contrary intention or immediate application would produce an unjust result." *Id.* (citations omitted). A statute is procedural if it defines "[t]he mode or proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right...." *Id.*

In our examination of Tenn.Code Ann. § 36–5–101(k) we find that it is primarily procedural in nature. However, because it allows for enforcement of orders by contempt, and thus has a decidedly penal compo-

---

4. Tenn.Code Ann. § 26–2–216(a)(1) provides that installment payments can be ordered upon motion of the judgment debtor or upon written consent of the parties. Compare this statute with a New York statute which provides:

Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is receiving or

will receive money from any source, or is attempting to impede the judgment creditor by rendering services without adequate compensation, the court shall order that the judgment debtor make specified installment payments to the judgment creditor.
N.Y.Civ.Prac.L. & R. § 5226 (McKinney 1978 & Supp.1994).

nent, we hold that it should not be applied retroactively. Therefore, Tenn.Code Ann. § 36–5–101(k) has no application to the case under submission.

## IV

The Court of Appeals held that pursuant to its "broad powers," the trial court could use contempt proceedings to enforce the installment payment order in the case under submission. We do not reach the question of contempt today, for the trial court did not invoke its contempt power or its power to incarcerate.

It results that the judgment of the Court of Appeals is reversed, the installment payment order is vacated, and the appeal is dismissed. Costs are taxed against the State.

ANDERSON, C.J., DROWOTA and REID, JJ., and O'BRIEN, Senior Judge, concur.