IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2001 Session

# STATE OF TENNESSEE *ex rel*. JACQUELINE PATTERSON v. RICHARD FRENCH

**An Appeal from the Chancery Court for Gibson County**
**No. 9-1158     George R. Ellis, Chancellor**

---

**No. W2000-02668-COA-R3-CV - Filed February 5, 2002**

---

This is an attempt to collect child support arrearages. In a 1993 order, the father was ordered to pay current support as well as a lesser amount for an existing arrearage. The father failed to comply with this order. In 1999, the child reached majority. The State filed an action on the mother's behalf to set arrearage payments and hold the father in contempt. The trial court set the arrearage payments at an amount less than the total support the father had previously been ordered to pay. In addition, the trial court refused to consider the contempt petition because the child had reached majority. Finally, the court ordered the father to make payments through the clerk of the court rather than through the State disbursement unit. The State appeals all three decisions. We reverse, finding that the trial court was required to set the arrearage payments at the total amount of support previously ordered, that the child reaching majority is not a basis for refusing to consider the contempt petition, and that the father is required to make the payments through the State disbursement unit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is**

**Reversed and Remanded.**

HOLLY K. LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Paul G. Summers, Attorney General and Reporter, Kim Beals, Assistant Attorney General, and Stuart F. Wilson-Patton, Senior Counsel for General Civil Division, for the appellant, State of Tennessee.

Richard French, *Pro se*.

**OPINION**

This is an attempt to collect child support arrearages. A court order dated August 10, 1993, required the father, appellee Richard French ("Father"), to pay $105 per week for the support of his daughter, Amanda, born on April 22, 1981. Of this total amount, $60 was for current support, $40 was for support arrearages that existed at that time, and $5 for applicable fees. Father did not comply with the 1993 order. Amanda turned eighteen years old on April 22, 1999.

On December 2, 1999, the petitioner State of Tennessee Department of Human Services ("State"), on behalf of Amanda's mother, Jacqueline Patterson ("Mother"), filed a Petition to Terminate Current Child Support and Petition for Contempt. Attached to the Petition as Exhibit A was documentation supporting the State's contention that Father had not made his child support payments as ordered and, therefore, owed arrearages of $14,078.59 as of the date of Amanda's emancipation.[1]

On June 23, 2000, with both Mother and Father present, the trial court held a hearing on the State's petition.[2] The trial court found that Father owed child support arrearages of $15,458.59 as of the date of the hearing, and granted Mother a judgment in that amount. The trial court declined to find Father in contempt for failing or refusing to pay child support as ordered because "the minor child was emancipated." The State sought to have the arrearage payment set at $105 per week, the total amount of support Father had previously been required to pay. However, the trial court ordered Father to "continue to pay $40.00 per week" until the judgment is paid in full. The State argued that Father's arrearage payments were required to be paid through the State disbursement unit established under 42 U.S.C. § 654b and Tennessee Code Annotated § 36-5-116. The trial court declined, instead ordering the payments to be made through the Clerk of the Court. On July 5, 2000, the court entered an order in accordance with his June 23, 2000 decision.

On July 20, 2000, the State filed a motion to alter or amend the judgment pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. On August 11, 2000, the trial court held a hearing on the motion, and it was denied on September 22, 2000. The State now appeals the orders entered on July 5 and September 22, 2000.[3]

On appeal, the State argues that, under Tennessee statutes, the trial court was required to set Father's arrearage payments at $105 per week, rather than the $40 per week ordered by the trial

---

[1] For purposes of this appeal, we will assume that Amanda's date of emancipation was the day she turned eighteen (18) years old, April 22, 1999.

[2] The record reflects that the trial court initially entered an order dismissing the State's petition based on lack of service of process. Apparently, however, French was eventually served with process, and the court ultimately considered the State's petition. This appeal does not involve any claimed error regarding those procedural issues.

[3] Father did not file a brief in this appeal, nor did he show cause as to why he did not file such a brief. Father also failed to appear for oral argument. Therefore, this matter has been decided on the record and on the State's arguments made in its brief and at the oral presentation.

court. The State also argues that the trial court erred in declining to consider the contempt petition against Father based on the fact that the child had reached majority. Finally, the State contends that, under applicable federal and State statutes, the trial court was required to order that the arrearage payments be made through the State disbursement unit, rather than through the clerk of the court.

We review the Trial Court's findings of fact *de novo* upon the record of the proceedings below, with a presumption of correctness "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554, 554 (Tenn. 1984). We review questions of law *de novo*, with no presumption of correctness. *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

First, the State argues that the trial court erred by setting the arrearage payments at $40 per week and by failing to consider the merits of the contempt petition. These issues are governed by Tennessee Code Annotated § 36-5-101(k), which provides:

> Absent a court order to the contrary, if an arrearage for child support or fees due as court costs exist at the time an order for child support would otherwise terminate, the order of support or any then existing income withholding arrangement and all amounts ordered for payment of current support or arrears, including any arrears due for court costs, shall continue in effect in an amount equal to the then existing support order or income withholding arrangement until the arrearage and costs due are satisfied and the court may enforce all orders for such arrearages by contempt.

Tenn. Code Ann. § 36-5-101(k). Thus, under this statute, an existing court order awarding child support survives the emancipation of the minor child "if an arrearage for child support . . . exist[s] at the time" of the emancipation. *Id.* In this case, at the time the August 10, 1993 order would otherwise terminate, *i.e.* when Amanda reached majority, an arrearage existed. Therefore, under the statute, the 1993 order must continue in effect.

The statute further provides that the existing order "shall continue in effect *in an amount equal to the then existing support order* . . . until the arrearage and costs due are satisfied." *Id.* (emphasis added). The 1993 order in the instant case provides that Father was obligated to pay $105 per week: $60 for current support, $40 for arrearages, and $5 in fees. The trial court below ordered Father to pay only $40 per week plus $2 in fees, apparently to enforce only the "arrearage" component of the existing order. Such a reduction in the support obligation is directly at odds with section 36-5-101(k), which requires the effect of the existing order to continue "in an amount equal to the then existing support order." Moreover, the statute specifies that it applies to "all amounts ordered for payment of current support *or* arrears." *Id.* (emphasis added). In light of this language, we must reverse the trial court's order limiting the continued payments to $40 per week and remand for the implementation of an order in accordance with Tennessee Code Annotated § 36-5-101(k).

The same statute is pertinent to the trial court's conclusion that a finding of contempt was inappropriate in this case based on the fact that "the minor child was emancipated." Section 36-5-101(k) states specifically that "the court may enforce all orders for such arrearages by contempt"

even after the support order would otherwise terminate, *i.e.* after the child is emancipated. Tenn. Code Ann. § 36-5-101(k). The Tennessee Supreme Court recognized this provision in the statute in *Kuykendall v. Wheeler*, 890 S.W.2d 785 (Tenn. 1994). In *Kuykendall*, the State filed a petition on behalf of the mother to enforce a child support arrearage judgment against the father. In addressing the effect of section 36-5-101(k), the Court noted that the statute was procedural in nature, a fact which usually indicates that a statute should be applied retroactively. The Court found, however, that because the statute "allows for enforcement by contempt," it "has a decidedly penal component" and, thus, should not be applied retroactively. *Kuykendall*, 890 S.W.2d at 787-88.

In this case, the trial court below refrained from considering the merits of the State's request for a finding of contempt based only on the fact that "the minor child was emancipated." Under the statute, this is not an appropriate reason for refusing to consider the contempt petition. Therefore, we remand the issue to the trial court to reconsider whether a finding of contempt would be appropriate in this case.[4]

Finally, the State argues that the trial court erred in ordering Father's arrearage payments to be made to the Clerk of the Court rather than to the State's collection and disbursement unit. The trial court initially ordered that the continuation of support payments be "made to the Clerk of the Court." Upon rehearing this issue, the court adhered to its original decision, stating specifically that "it is in the best interest of the child that support payments be made to the Clerk of the Court."

Under applicable federal statutes, this case would be considered a "Title IV-D case," referring to cases brought pursuant to Title IV, chapter D of the Social Security Act, codified at 42 U.S.C. § 654. A Title IV-D case is essentially any cause of action in which the State is providing services on behalf of a parent relating to paternity or child support establishment or enforcement, either by request or pursuant to the custodial parent's receipt of public assistance benefits under Title IV-A. *See* 42 U.S.C. § 654(4); Tenn. Code Ann. § 71-3-124(c). Because the State brings this action on behalf of Mother to enforce Father's child support obligations, this is deemed to be a Title IV-D case.

Title 42 U.S.C. § 654b directs states to "establish and operate a unit [the 'State disbursement unit'] for the collection and disbursement of" payments made as ordered in such cases. Pursuant to this mandate, Tennessee promulgated section 36-5-116, effective October 1, 1999, which provides:

> [T]he department of human services shall become the central collection and disbursement unit for the state as required by 42 U.S.C. § 654b. All order[s] in Title IV-D support cases . . . shall be deemed to require that the support be sent to the central collection and disbursement unit, any order of the court notwithstanding.

---

[4] The State concedes that the record below is not sufficiently developed for this Court to address the merits of its contempt argument.

-4-

Tenn. Code Ann. § 36-5-116(a)(1). The language of the statute is mandatory, directing that all orders in Title IV-D cases "shall be deemed to require that the support be sent" to the State disbursement unit.

The directive that all payments made in Title IV-D cases be sent to the State disbursement unit does not give the trial court the discretion to order otherwise. Therefore, we must reverse the trial court's order in this respect and direct that Father's continued support payments be made to the State disbursement unit established according to federal and state statute.

In sum, we reverse the decision of the trial court and remand with instructions to set Father's child support arrearage payments in accordance with section 36-5-101(k) and to consider the merits of the State's petition for contempt. Furthermore, the trial court should direct that any arrearage payments be sent to the State disbursement unit rather than to the Clerk of the Court.

The decision of the trial court is reversed and remanded for further proceedings consistent with this Opinion. Costs on appeal are assessed against Appellee, Richard French, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE