# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 9, 2015 Session

## STATE OF TENNESSEE v. JOHNATHAN DALE ABERNATHY

**Appeal from the Circuit Court for Giles County**
**No. 16357     Robert L. Jones, Judge**

_____

**No. M2014-02350-CCA-R3-CD – Filed April 26, 2016**

_____

Defendant, Johnathan Dale Abernathy, was found not guilty of the charge of domestic assault. At his arraignment, pursuant to T.C.A. § 40-14-202(e), the trial court had found that he could pay a portion of his attorney fees even though the public defender was appointed to represent him. He had only paid a portion of the fees prior to trial. Subsequent to the trial, Defendant filed a motion to remit some or all of the fees. At the motion hearing, and without prior notice of contempt charges to be answered, the trial court summarily held Defendant in civil contempt with the contempt to be purged when he paid the balance owed. Defendant appealed, and we reverse the judgment of the trial court and dismiss all contempt charges.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Contempt Charges Dismissed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Claudia S. Jack, District Public Defender; and Hershell D. Koger, Assistant Public Defender, Pulaski, Tennessee, for the Appellant, Johnathan Dale Abernathy.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Brent A. Cooper, District Attorney General; and Beverly White, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Defendant was indicted by the Giles County Grand Jury for the Class A misdemeanor offense of domestic assault in violation of T.C.A. § 39-13-111. At his arraignment, the public defender was appointed to represent Defendant. Pursuant to

T.C.A. § 40-14-202(e), the trial court entered an order in which it found that Defendant could partially reimburse the State for the cost of providing court appointed counsel, and ordered in part that "the total sum of $750[.00] will be paid at $50[.00] per week . . . beginning on 10-4-13 until all is paid or until further orders of this Court." The order was entered September 30, 2013. The $750.00 included an administrative fee of $50.00.

From the record it appears that a jury trial was held on January 14, 2014, and Defendant was found not guilty. Nine months later, on October 13, 2014, Defendant, through counsel, filed a "Motion to Remit Attorney Fees." The motion alleges as follows:

> Comes now the Defendant, Jonathan Dale Abernathy, by and through his attorney of record and would respectfully ask this Court to remit some or all of his attorney fees due to indigency with regard to the above styled matter.

The State did not file a response to Defendant's motion. A hearing was held on November 13, 2014. After the hearing, the trial court entered an order which states in pertinent part:

> This cause came on to be heard . . . upon Motion of the Defendant . . . to remit attorney fees[.]
>
> IT IS THEREFORE, ORDERED ADJUDGED AND DECREE THAT
>
> Finds [sic] the Defendant in contempt and shall be held until he pays the $310.00 balance. He shall have until 12/12/14 to purge himself or report to jail at 8:00 p.m. on 12/12/14[.]
>
> If timely notice of appeal is filed then execution of this order is stayed until further order of this court.

At the motion hearing, Defendant's counsel announced that Defendant had paid $440.00 of the total amount owed, which left a balance of $310.00. Defendant testified that he worked at "Goodman's" as a powder coat technician. He reported that he worked 36 to 40 hours per week and earned $18.42 per hour. Defendant testified as to his monthly expenses for house rent, utilities, child support, health and automobile insurance, automobile payment, food, and various other miscellaneous expenses. Based upon the uncontradicted totals for the expenses and sole income for he and his wife, Defendant's counsel submitted that the necessary expenses "sounds like it's pretty much his entire

2

paycheck." Defendant's further testimony supported this conclusion. Defendant agreed he was "living paycheck to paycheck."

The State did not cross-examine Defendant at the motion hearing and did not offer any evidence. At the conclusion of the testimony the following transpired:

> THE COURT: I cannot tell from this printout that's in the file when he made his payments. I think I'm going to hold him in contempt and put him in jail today. We're going to need an officer up here.
>
> [DEFENSE COUNSEL]: Can I ask why, Judge?
>
> THE COURT: Because he was supposed to pay $50[.00] per week starting on October the 4th of 2013.

This was the first time contempt of court was mentioned in the trial court proceedings. After Defendant's counsel argued that contempt of court could not be found absent prior notice of the charges and of the time and date of the contempt hearing, the trial court made revisions in its decision to hold Defendant in contempt:

> THE COURT: Okay. I tell you what I'll do then. I'll allow him – we'll amend the order finding him in contempt ordering him to be placed in jail until he purges by paying the $310[.00] balance but I'm going to give him until Friday, December the 12th to pay that $310[.00] to purge. If not, he reports to jail at 8:00 p.m. that night.

## ANALYSIS

We address the issues raised by Defendant by first clarifying what this appeal does not involve and will not address: whether Defendant should have some or all of the attorney fees and/or administrative fees remitted.

The precise issues addressed in this opinion are as taken from Defendant's brief:

> (1) Does T.C.A. § 40-14-202(e) by its own terms, allow the trial court to hold a defendant in contempt for failure to pay attorney's fees assessed by the trial court for the appointment of counsel?
>
> (2) In conducting a contempt hearing on the basis of a defendant failing to pay attorney's fees assessed by the trial court for the

3

appointment of counsel, does the defendant have the right to notice of the hearing, prior to the hearing being conducted?

The pertinent statutory language states as follows:

> (e) If the court appoints counsel to represent an accused in a felony case under this section or in a misdemeanor case as required by law, but finds the accused is financially able to defray a portion or all of the cost of the accused's representation, the court shall enter an order directing the party to pay into the registry of the clerk of the court any sum that the court determines the accused is able to pay. *The sum shall be subject to execution as any other judgment and may also be made a condition of a discharge from probation.* The court may provide for payments to be made at intervals, which the court shall establish, and upon terms and conditions as are fair and just. The court may also modify its order when there has been a change in circumstances of the accused.

T.C.A. § 40-14-202(e) (emphasis added)

In its brief, the State asserts that the trial court has authority pursuant to T.C.A. § 29-9-102(3) to hold a defendant in contempt of court for having the ability to pay, but having willfully failed to pay attorney fees assessed pursuant to T.C.A. § 40-14-202(e). However, the State concedes in its brief that there is reversible error by the trial court in this case by its failure to provide Defendant with prior notice of contempt allegations before the hearing, and requests this Court to remand the case for appropriate notice and a new hearing. At oral argument the State acknowledged that if the attorney fees and costs imposed pursuant to T.C.A. § 40-14-202(e) is a court cost, then contempt is not an available remedy to enforce payment by a defendant.

Specifically as to Defendant's first issue, we note the particular language of T.C.A. § 40-14-202(e), highlighted above, that "[t]he sum shall be subject to execution as any other judgment." Clearly, this refers to collection by execution as any other *money* judgment. "In Tennessee, money judgments are enforceable by execution, garnishment, and judgment liens. Tenn. Code Ann. § 26-1-103(1980)." *Kuykendall v. Wheeler*, 890 S.W.2d 785, 786 (Tenn. 1994). Specifically relying upon *Kuykendall*, the State's Attorney General in 2006 opined that, "[m]oney judgments may *only* be enforced by execution, garnishment, and judgment liens." Tenn. Op. Atty. Gen. No. 06-135, 2006 WL 2929088, at *1 (Aug. 21, 2006) (emphasis added). In that opinion, the Tennessee Attorney General answered the following question among five questions asked:

2.  Is contempt a statutorily authorized procedure for the collection of litigation taxes, court costs, and fines?

The Attorney General concluded that while failure to pay a fine (which is a form of punishment) may result in incarceration under certain circumstances, *id*., 2006 WL 2929088 at *3, "trial courts have no authority to enforce payment of money judgments by contempt." *Id*. at *3.

An order for a criminal defendant to pay a portion of his legal fees when he/she is found to be "partially" indigent is not a form of punishment. The legislature provided that the dollar amount to be paid is subject to "execution as any other judgment and may also be made *a condition of a discharge from probation*." T.C.A. § 40-14-202(e) (emphasis added). It is noteworthy that the legislature did not also provide that payment of the attorney fees could also be made a *condition* of probation, with failure to pay resulting in revocation of probation.

Based upon the above authority, we conclude that the trial court does not have authority to hold a defendant in contempt of court for failure to pay attorney fees or administrative costs assessed pursuant to T.C.A. § 40-14-202(e). Accordingly, the judgment of the trial court holding Defendant in contempt is reversed, and the contempt charges are dismissed.

In the event of further review, we also conclude that if the trial court did have authority to use its contempt power to punish for non-payment of fees assessed pursuant to T.C.A. § 40-14-202(e), the holding of contempt in this case would have to be reversed for lack of notice to Defendant. When "indirect contempt" is the subject of the proceedings, prior notice of the contempt allegations and the date, time and place of the hearing must be given to the defendant, along with enough reasonable time to prepare a defense. *See* Tenn. R. Crim. P. 42(b).

The judgment of the trial court is reversed, and the contempt charges are dismissed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

5